**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**NOV 1 5 2002**

Michael N. Milby
Clerk of Court

**B - 02 - 216**

| | | |
|---|---|---|
| JORGE ALBERTO FLORES and IMELDA HERNANDEZ CORDOVA (FLORES), Individually, and JAMES E. AGUIRRE, Individually, and FELIPE HERNANDEZ, Individually, | § § § § § § | CIVIL ACTION NO. _____ (JURY TRIAL) |
| Plaintiffs, | § § | |
| VS. | § § | |
| FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC.; TITAN TIRE CORPORATION; and TITAN TIRE CORPORATION OF TEXAS, | § § § § § | |
| Defendants. | § | |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT:

Pursuant to Title 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, Defendants Titan International,

Inc. (Titan Int'l), Titan Tire Corporation ("Titan Tire"), Titan Tire Corporation of Texas ("Titan

Texas") and Ford Motor Company ("Ford"), (collectively "Removing Defendants") hereby give

notice of removal of an action filed against them in the 197th Judicial District Court, Cameron

County, Texas, to the United States District Court for the Southern District of Texas, Brownsville

Division. In support of this removal, Removing Defendants would show this Court as follows:

**Preliminary Matters**

1.      On October 7, 2002, an action was commenced against Ford, Titan Int'l, Titan Tire,

and Titan Texas in the 197th Judicial District Court, Cameron County, Texas, entitled *JORGE*

*ALBERTO FLORES and IMELDA HERNANDEZ CORDOVA (FLORES), Individually, and JAMES E. AGUIRRE, Individually, and FELIPE HERNANDEZ, Individually, vs. FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC.; TITAN TIRE CORPORATION; and TITAN TIRE CORPORATION OF TEXAS*, Cause No. 2002-10-4004-C.

2.       On October 17, 2002, a copy of Plaintiffs' Original Petition was received by Titan Texas and received by all other named Defendants on October 18, 2002.

3.       This Notice of Removal is timely filed in that it is filed within thirty (30) days after the first receipt by Removing Defendants of a copy of the initial pleadings setting forth a claim for relief upon which this action is based.  28 U.S.C. § 1446(b).

## Nature of the Case

4.       This case arose out of a single vehicle accident that allegedly occurred in Mason County, Texas, on September 2, 2002.  According to Plaintiffs' Original Petition, a Trail Handler Radial LT235/75R15 tire, DOT No. CFHK522205 (the "Tire"), on the left rear of Plaintiffs' 1991 Ford Explorer, VIN 1FMDU34X0MUA94891 (the "Explorer"), allegedly suffered a detread and caused a loss of control of the Explorer.  (Plfs.' Original Petition, ¶¶ V and VII).

5.       Plaintiffs allege that the accident and their claimed injuries were caused by various defects in the Tire and in the Explorer that render the Tire and the Explorer unreasonably dangerous.  Plaintiffs assert strict liability and negligence claims against all Defendants arising from the alleged defects.  *Id.* at ¶¶ VII (second) and VIII.

## Grounds for Removal

6.       The present action is one over which this court has original jurisdiction under the provisions of Title 28, United States Code, Sections 1332 and 1441(a), in that it is a civil action

between completely diverse parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      According to Plaintiffs' Original Petition, Plaintiffs are citizens of the Republic of Mexico and residents of the State of Texas. *Id.* at ¶ III. Titan Int'l and Titan Tire are each Illinois corporations with principal places of business in Quincy, Illinois and Des Moines, Iowa, respectively. Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan, and was so on both the date of the subject crash and the date of filing of this action. Thus, complete diversity exists between plaintiffs and the properly joined Removing Defendants. *See* 28 U.S.C. § 1332(a)(1) or (2).

8.      The only other defendant named in this action, Titan Texas, is a Texas corporation with its principal place of business in Cameron County, Texas. Nevertheless, Plaintiffs' inclusion of Titan Texas in this case cannot prevent removal under 28 U.S.C. § 1441(b), because Titan Texas was fraudulently joined.

9.      It is a familiar proposition in the United States Court of Appeals for the Fifth Circuit, as elsewhere, that fraudulently joined defendants must be ignored in assessing whether the complete diversity requirement of federal diversity jurisdiction is met. *See, e.g., Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (citizenship of fraudulently joined defendants should not be considered in determining propriety of removal); *Arzehgar v. Dixon*, 150 F.R.D. 92, 94 (S.D. Tex. 1993). The term fraudulent joinder is actually a misnomer, because the jurisdictional doctrine does not generally require proof of fraud. *See, e.g., Burden*, 60 F.3d at 217. Rather, to establish that joinder is fraudulent, a defendant

must show that the plaintiff cannot establish the alleged cause of action against the non-diverse defendant. *Id.* at 216.

10.    Titan Texas had no role in the design, manufacture, or distribution of the Tire.    In fact, Titan Texas was not even an existing entity at the time the Tire was manufactured and sold. Because Plaintiffs joined Titan Texas for the clear and sole purpose of defeating diversity jurisdiction, there is complete diversity in this case under 28 U.S.C. § 1332(a). *See Grassi v. CIBA-GEIGY, Ltd,* 894 F.2d 181, 185 (5th Cir. 1990) (the need for diversity jurisdiction "may well be greatest when the plaintiff tries hardest to defeat it").

11.    Plaintiffs' Original Petition (the operative pleading as of the date of removal) also meets the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. 1332(b). Although the petition does not assert a claim for a specific amount of damages, it does allege that the subject accident resulted in multiple personal injuries and two deaths for which Plaintiffs seek compensatory damages.    In addition, the Original Petition also alleges gross negligence and malice against Removing Defendants and seeks an award of punitive damages.    Thus, the amount in controversy in this action clearly exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. 1332.

12.    On filing of this Notice of Removal, Removing Defendants will provide written notice to Plaintiffs of this action and will file a copy of Defendants' Notice of Removal with the Clerk of the Court for the 197th Judicial District, Cameron County, Texas.

13.    The 197th Judicial District Court of Cameron County, Texas, is located in the Southern District of Texas, Brownsville Division.    Further, the attachments accompanying this

AUS:1993267.1
13486 95413                                                                4

Notice of Removal constitute all executed process, pleadings and orders, as well as the docket sheet

on file in this matter.

    14.    Defendants hereby request a trial by jury.

                Respectfully submitted,

                MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
    Michael Rodriguez
    State Bar No. 00791553
    Federal I.D. No. 18759
    1000 E. Madison
    Brownsville, Texas 78520
    (956) 574-9333
    Fax (956) 574-9337

    ATTORNEYS FOR DEFENDANTS TITAN TIRE
    INTERNATIONAL; TITAN TIRE CORPORATION;
    and TITAN TIRE CORPORATION OF TEXAS

        --and--

    Richard H. Grafton
    State Bar No. 08252800
    Federal I.D. No. 19276
    BROWN McCARROLL, L.L.P.
    111 Congress Avenue
    Suite 1400
    Austin, Texas 78701
    (512) 472-5456
    (512) 479-1101 - fax

    ATTORNEYS FOR DEFENDANT
    FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this __15th__ day of November, 2002.

**Via Certified Mail,**
**Return Receipt Requested**

Mikal C. Watts
THE WATTS LAW FIRM, L.L.P.
555 N. Carancahua
Corpus Christi, Texas 78478

Douglas A. Allison
LAW OFFICES OF DOUGLAS A. ALLISON
South Tower, Suite 400
500 North Water Street
Corpus Christi, Texas 78471

**Via Regular Mail**
Richard H. Grafton
State Bar No. 08252800
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701

Michael Rodriguez

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| JORGE ALBERTO FLORES and IMELDA HERNANDEZ CORDOVA (FLORES), Individually, and JAMES E. AGUIRRE, Individually, and FELIPE HERNANDEZ, Individually, §§§§§ | **B-02-216** ↑ |
| | CIVIL ACTION NO. _____ |
| Plaintiffs, §§ | (JURY TRIAL) |
| VS. §§ | |
| FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC.; TITAN TIRE CORPORATION; and TITAN TIRE CORPORATION OF TEXAS, §§§§§ | |
| Defendants. § | |

## INDEX OF PLEADINGS FILED WITH NOTICE OF REMOVAL

1. Docket sheet from underlying state court action

2. All executed process in state court file

3. Plaintiffs' Original Petition

4. Defendant Ford Motor Company's Motion to Transfer Venue and, Subject Thereto, Original Answer and Jury Demand

5. List of Counsel of Record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| JORGE ALBERTO FLORES and IMELDA HERNANDEZ CORDOVA (FLORES), Individually, and JAMES E. AGUIRRE, Individually, and FELIPE HERNANDEZ, Individually, | §<br>§<br>§<br>§<br>§<br>§ |
| Plaintiffs, | § |
| VS. | §<br>§ |
| FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC.; TITAN TIRE CORPORATION; and TITAN TIRE CORPORATION OF TEXAS, | §<br>§<br>§<br>§<br>§ |
| Defendants. | § |

**B-02-216**

CIVIL ACTION NO. _____
(JURY TRIAL)

## LIST OF COUNSEL OF RECORD

1.  Plaintiffs' counsel of record:

    Mikal C. Watts
    State Bar No. 20981820
    Federal Admissions No.
    The Watts Law Firm
    Tower II Bldg., Suite 1400
    555 N. Carancahua
    Corpus Christi, Texas 78478
    (361) 887-0500
    Fax (361) 887-0055

Doug Allison
State Bar No. 01083500
Federal Admissions No.
Law Offices of Doug Allison
500 North Water Street
South Tower – Suite 400
Corpus Christi, Texas 78471
(361) 888-6002
Fax (361) 888-6651


2.    Counsel of record for Defendant Ford Motor Company:

Richard H. Grafton
BROWN McCARROLL, L.L.P.
State Bar No. 08252800
Federal I.D. No. 19276
111 Congress Avenue, Suite 1400
Austin, Texas  78701
(512) 472-5456
(512) 479-1101 (fax)

3.    Counsel of record for Defendants Titan International, Inc.; Titan Tire Corporation; and Titan
Tire Corporation of Texas:

Michael Rodriguez
MICHAEL RODRIGUEZ, P.L.L.C.
STATE BAR NO. 00791553
FEDERAL I.D. NO. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

2

FILED _9:00_ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

OCT 0 7 2002

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

CAUSE NO. _2002-10-4004-C_

| | | |
|---|---|---|
| JORGE ALBERTO FLORES AND | § | |
| IMELDA HERNANDEZ CORDOVA | § | IN THE DISTRICT COURT |
| (FLORES), INDIVIDUALLY | § | |
| | § | |
| AND | § | |
| | § | |
| JAIME E. AGUIRRE, INDIVIDUALLY | § | |
| | § | |
| AND | § | |
| | § | |
| FELIPE HERNANDEZ, INDIVIDUALLY | § | _197th_ JUDICIAL DISTRICT |
| (Plaintiffs herein) | § | |
| | § | |
| VS. | § | |
| | § | |
| FORD MOTOR COMPANY; | § | |
| TITAN INTERNATIONAL, INC.; | § | |
| TITAN TIRE CORPORATION; AND | § | |
| TITAN TIRE CORPORATION OF TEXAS | § | |
| (Defendants herein) | § | |
| | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME, Jorge Alberto Flores and Imelda Hernandez Cordova (Flores), and Jaime E.

Aguirre, and Felipe Hernandez, persons who are entitled to recover pursuant to the Texas Wrongful

Death Statute and/or laws of the State of Texas, hereinafter sometimes collectively referred to as

Plaintiffs, and make and file this their Plaintiffs' Original Petition, complaining of Ford Motor

Company, Titan International, Inc., Titan Tire Corporation, and Titan Tire Corporation of Texas,

hereinafter sometimes collectively referred to as Defendants, and for cause of action would show

unto the Court the following, to wit:

LAW OFFICES OF



# Douglas A. Allison

Douglas A. Allison
Bradford P. Klager

October 2, 2002

500 North Water Street
South Tower, Suite 400
Corpus Christi, Texas 78471
(361) 888-6002 • Fax: (361) 888-6651

Ms. Aurora De La Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, Texas 78520

      Re:    *Jorge Flores, Imelda Flores, Jaime Aguirre, and Felipe Hernandez vs. Ford Motor Company, Titan International, Inc., Titan Tire Corporation, and Titan Tire Corporation of Texas*

Dear Ms. De La Garza:

    Enclosed please find Plaintiff's Original Petition and five (5) copies. In addition, please find our check in the amount of $417.00 representing your fee for filing of said document, jury fee, issuance of four citations, and service upon said Defendants by certified mail, return receipt requested.

    If you have any questions, please feel free to give me a call.

           Very truly yours,

           Douglas A. Allison/plr

           Douglas A. Allison

DAA/plr
enc.

## I.

### DISCOVERY

Plaintiffs bring these claims against these Defendants, and request the Court to issue an Order providing for "Level 3" discovery pursuant to Rule 190.4, Texas Rules of Civil Procedure.

## II.

### VENUE

Venue is proper in Cameron County, Texas, because Titan Tire Corporation of Texas maintains in Cameron County, Texas, its principal office in this state (for the State of Texas). Further, venue is proper in Cameron County, Texas, because Titan Tire Corporation operates in Texas by and through its subsidiary (Titan Tire Corporation of Texas), and thus maintains in Cameron County, Texas, its principal office in this state (for the State of Texas). Thus, venue is proper in Cameron County, Texas, pursuant to Civil Practice & Remedies Code, § 15.002(a)(3). Additionally, venue is proper in Cameron County, Texas, because of the breach of warranty claims set forth herein against Titan Tire Corporation of Texas and Titan Tire Corporation (with such companies maintaining their principal Texas offices in Cameron County, Texas. See Civil Practices & Remedies Code, § 15.033.

## III.

### PARTIES

Plaintiffs Jorge Alberto Flores and Imelda Hernandez Cordova (Flores) are citizens of Mexico (and not a U.S. citizen), and residents of San Antonio, Bexar County, Texas. Plaintiffs Jorge Alberto Flores and Imelda Hernandez Cordova (Flores) are the natural parents of Jorge Adrian Flores (deceased at age 3). Plaintiffs Jorge Alberto Flores and Imelda Hernandez

---

Cordova (Flores) hereby assert their individual claims for the wrongful death of Jorge Adrian

Flores, deceased, and hereby assert their individual claims for their personal injuries. Plaintiffs

Jorge Alberto Flores and Imelda Hernandez Cordova (Flores) may be herein after referred to as

the "Plaintiffs Flores."

Plaintiff Jaime E. Aguirre is a citizen of Mexico (and not a U.S. citizen), and is a resident

of San Antonio, Bexar County, Texas. Plaintiff Jaime E. Aguirre is the natural father of Rosa

Maria Aguirre (deceased at age 9). Plaintiff Jaime E. Aguirre hereby asserts his individual

claims for the wrongful death of Rosa Maria Aguirre, deceased.

Plaintiff Felipe Hernandez is a citizen of Mexico (and not a U.S. citizen), and is a resident

of San Antonio, Bexar County, Texas. Plaintiff Felipe Hernandez hereby asserts his individual

claims for his personal injuries.

Defendant Ford Motor Company (hereinafter referred to as "Defendant Ford") is a

corporation authorized to conduct business in the State of Texas, and may be served with citation

by serving its registered agent, C.T. Corporation System, 350 N. St. Paul St., Dallas, Texas

75201. Service is requested at this time.

Defendant Titan International, Inc., is an Illinois corporation, and transacts business

within the State of Texas by and through its subsidiaries (including but not limited to Titan Tire

Corporation and Titan Tire Corporation of Texas). Such business was and is transacted in Texas

by these corporations at 6700 Paredes Lane Road, Brownsville, Texas 78520. This lawsuit may

be served upon Titan International, Inc., by and through certified mail, return receipt requested,

upon their registered agent for service as follows: Cheri T. Holley at 2701 Spruce Street,

Quincy, Illinois 62301-0000. Service is requested at this time.

---

Defendant Titan Tire Corporation is an Illinois corporation, and was qualified to do business in Texas beginning May 21, 1997. Since such date, Titan Tire Corporation has transacted business within the State of Texas (including Titan Tire Corporation's on-going business in Texas, and their on-going business in Texas by and through Titan Tire Corporation of Texas). Such business was and is transacted in Texas by Titan Tire Corporation at 6700 Paredes Lane Road, Brownsville, Texas 78520. This lawsuit may be served upon Titan Tire Corporation by service through certified mail, return receipt requested, upon their registered agent for service as follows: Cheri T. Holley at 2701 Spruce Street, Quincy, Illinois 62301-0000. Service is requested at this time.

Defendant Titan Tire Corporation of Texas, Inc., is a Texas corporation, and is qualified to transact business within the State of Texas (and does transact business within the State of Texas). Such business is transacted by Titan Tire Corporation of Texas, Inc., at 6700 Paredes Lane Road, Brownsville, Texas 78520. This lawsuit may be served upon Titan Tire Corporation of Texas by service through certified mail, return receipt requested, upon their registered agent for service as follows: Manager or Officer of Titan Wheel International, Inc., 6700 Paredes Lane Road, Brownsville, Texas 78520. Service is requested at this time.

All of the Titan companies (Titan International, Inc., Titan Tire Corporation, and Titan Tire Corporation of Texas, Inc.) will be herein after sometimes collectively referred to as Defendants Titan.

## IV.

## NOTICE OF NO FEDERAL COURT DIVERSITY JURISDICTION

This suit is brought by multiple Plaintiffs, and all of these multiple Plaintiffs are citizens of Mexico. None of the Plaintiffs are U.S. citizens. This suit is brought against multiple Defendants. All of the Defendants are U.S. corporations (and one of the Defendants is a Texas corporation). As a result of the combination of Plaintiffs and Defendants herein, there is absolutely no diversity of citizenship that could be construed so as to create federal court diversity jurisdiction. Any attempt to remove this lawsuit should be construed as improper, and may subject such removing party to sanctions (or other remedies as may be deemed appropriate by a court).

## V.

## PRODUCT INFORMATION

The vehicle made the subject of the suit is a 1991 Ford Explorer, and was designed, manufactured, assembled, and marketed by the Ford Motor Company. The 1991 Ford Explorer (sometimes referred to as the "subject vehicle") is more specifically identified on the police report as VIN #1FMDU34X0MUA94891. The tire made the subject of the suit was designed, manufactured, assembled, and/or marketed by the Defendants Titan. Such tire is more specifically identified as a Trail Handler Radial, LT 235/75R15, and bearing DOT #CFHK 522205 (and may be sometimes referred to as the "subject tire").

## VI.

## <u>CORPORATE INFORMATION</u>

Plaintiffs would show that Defendant Titan International, Inc., and Defendant Titan Tire Corporation, and Defendant Titan Tire Corporation of Texas are a single business enterprise. Additionally, and/or alternatively, such Defendants Titan are a joint enterprise. Additionally, and/or alternatively, such Defendants Titan are one corporation upon consideration that the Defendants Titan act as one corporation (without maintaining separate corporate indentities), and thus allow for a piercing of the corporate veil (and/or that any subsidiary is the alter ego of the parent corporation). As such, all of the Defendants Titan are legally liable for the acts and/or omissions, and defective products, of the other Defendants Titan.

## VII.

## <u>FACTS</u>

Plaintiffs would show that on or about September 2, 2002, that Plaintiff Felipe Hernandez was driving a 1991 Ford Explorer, and was driving such vehicle south bound on U.S. Highway 87 in Mason County, Texas. More specifically, Mr. Hernandez was driving on such highway in the outside lane when the left rear tire suddenly and unexpectedly suffered a de-tread, and caused a loss of control of the vehicle. Thereafter, the Ford Explorer crossed into the lanes of the opposing traffic, and then went back to the right (across the south bound lanes), and rolled over. The loss of control caused by the tire failure (de-tread), and exacerbated by the vehicle's oversteer, and the roll over of the Explorer, were some of the causes of the incident made the basis of the suit. Plaintiffs would show that a safe vehicle and/or safe tire would have completely avoided the incident made the basis of this suit (and the many injuries and two (2) deaths made

---

the basis of the suit). For all such legal damages resulting therefrom, Plaintiffs seek fair and reasonable compensation (from the sound discretion of a jury of peers).

## VII.

## STRICT LIABILITY OF DEFENDANT FORD AND DEFENDANTS TITAN

Defendant Ford designed, manufactured, assembled, and marketed the subject vehicle in such a manner that renders the subject vehicle defective and unreasonably dangerous (as these terms are defined in law). Specifically, the subject vehicle is unreasonably dangerous because of its instability, high center of gravity, narrow track width, incorrect recommendations of tire pressure, unreasonably dangerous propensity to rollover, unreasonably dangerous propensity to oversteer, lack of engineering safety margin, and such other and further vehicle characteristics that make the vehicle unsafe for driving. Moreover, and despite these defects (which were well know to Defendant Ford), the Defendant Ford failed to timely and/or adequately warn owners of Ford Explorers, failed to provide any post-sale warnings, failed to initiate a safety recall, and such other failures that resulted in the fatal incident made the basis of the suit. All of the defects (such design, manufacturing, and/or marketing defects) render the vehicle unreasonably dangerous (as defined in law), defective, and were a producing cause of the incident made the basis of the suit.

Defendants Titan designed, manufactured, assembled, tested and marketed the subject tire in such a manner that renders the subject tire defective and unreasonably dangerous (as these terms are defined in law). Specifically, the subject tire is defective and unreasonably dangerous because of its poor adhesion and susceptibility to failure (and other matters). The defective and unreasonably dangerous condition of the tire was a producing cause of the incident made the basis of the suit.

## VIII.

## NEGLIGENCE OF THE DEFENDANTS

Defendant Ford was negligent in the design, manufacturing, and marketing of the subject vehicle. More specifically, Defendant Ford failed to provide a stable vehicle, wrongfully put a vehicle with an unsafe (too high) center of gravity on the roadway, wrongfully put a vehicle with an unsafe (too narrow) track width on the roadway, wrongfully made recommendations of unsafe tire pressures, wrongfully provided to the public (and the claimants herein) a vehicle with a dangerous propensity to rollover and/or oversteer, wrongfully engineered the vehicle so as to not allow for an adequate (and reasonable) safety margin, failure to warn, failure to provide post-sale warnings, failure to recall, and such other and further acts and/or omissions that constitute a failure to use ordinary care. Such acts and/or omissions constitute negligence, and were a proximate cause of the occurrence in question (thus resulting in Plaintiffs' legal damages herein).

Defendants Titan were negligent with their design, manufacturing, assembly, testing, and marketing of the subject tire. Such acts and/or omissions were a proximate cause of the occurrence in question (thus resulting in Plaintiffs' legal damages herein).

## IX.

## DAMAGES

The Plaintiffs are entitled to the following damages which are the direct and proximate result of the conduct of the Defendants. Such damages are allowed by Texas law, and are proper under the circumstances of the case.

The Plaintiffs Flores and Plaintiff Jaime E. Aguirre hereby sue in their individual capacities, and seek fair compensation for the loss of care and maintenance, support, services,

advice, counsel, and contributions of a pecuniary value. More importantly, Plaintiffs Flores and

Plaintiff Jaime E. Aguirre hereby seek fair compensation for the loss that occurs with the

destruction of the parent-child relationship, including the right to love, affection, solace, comfort,

companionship, society, emotional support, and happiness. The untimely deaths of Jorge Adrian

Flores (age 3) and Rosa Maria Aguirre (age 9) have caused severe mental depression and

anguish, grief, and sorrow. Such losses, pain, and anguish have occurred in the past, and will

likely continue into the future.

Plaintiff Felipe Hernandez suffered personal injuries in the incident made the basis of the

suit. Such injures require compensation according to the laws of the State of Texas, and Plaintiff

Hernandez hereby seeks such fair and just compensation. Pursuant to Texas law, such

compensable injuries include loss of wages and/or wage earning capacity, reasonable and

necessary medical expenses, physical pain and suffering, mental anguish, and loss of physical

capacity. Such legal injuries have occurred in the past, and will likely continue into the future.

All of the actual and compensatory damages sought herein are within the jurisdictional

limits of this court.

## X.

## GROSS NEGLIGENCE AND LEGAL MALICE OF DEFENDANTS

Defendant Ford placed their defective and unreasonably dangerous product into the

stream of commerce with conscious indifference to the health, safety, and general welfare of the

public, and proximately causing Plaintiffs' damages. Defendant Ford was irresponsible in

recommending lower tire pressures in an attempt to compensate for the vehicle's instability when

Defendant Ford knew that doing so would increase the likelihood of tire failure, the result of

which was likely to be death or serious bodily injury in the unreasonably dangerous and unstable

vehicle. Defendant Ford was irresponsible in failing to timely warn of the vehicle's known

dangers. The misconduct of the Defendant Ford (as stated herein and in the above paragraphs)

rises to the level of legal malice, and caused the injuries complained of herein by Plaintiffs.

Thus, Plaintiffs are entitled to an award of exemplary damages against Defendant Ford (as may

be fairly determined by the jury).

Defendants Titan placed their defective and unreasonably dangerous product (the tire)

into the stream of commerce with conscious indifference to the health, safety, and general

welfare of the public, and proximately causing Plaintiffs' damages. Defendants Titan were

irresponsible in their manufacturing processes (specifically), and performed such manufacturing

in a manner that was likely to cause serious personal injury and/or death. The misconduct of the

Defendants Titan (as stated herein and in the above paragraphs) rises to the level of legal malice,

and caused the injuries complained of herein by Plaintiffs. Thus, Plaintiffs are entitled to an

award of exemplary damages against Defendants Titan (as may be fairly determined by the jury).

## XI.

## AGGRAVATED ASSAULT

Plaintiffs would further show that the conduct of Defendant Ford constitutes an

aggravated assault pursuant to Texas Penal Code, §22.02, and that such conduct by Defendant

Ford thus removes the limitation on exemplary/punitive damages pursuant to Texas Civil

Practices and Remedies Code, §41.008. Plaintiffs would show that such offensive conduct exists

herein by Defendant Ford, inasmuch as the Ford Motor Company has secreted documents,

concealed the true facts of the known dangers of the Ford Explorer, and done so in a manner that

sacrifices human lives while enriching the corporation (Ford Motor Company).

Plaintiffs would further show that the conduct of Defendants Titan constitutes an

aggravated assault pursuant to Texas Penal Code, §22.02, and that such conduct by Defendants

Titan thus removes the limitation on exemplary/punitive damages pursuant to Texas Civil

Practices and Remedies Code, §41.008. Plaintiffs would show that such offensive conduct exists

because of the Defendants Titan's knowledge of the dangerous manufacturing processes for the

type tire made the subject of the suit, and the resulting sacrifices of human lives that occurs from

such poor manufacturing processes (thus enriching the Defendants Titan's corporations).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Defendants be

cited to appear and answer, and that on final trial, Plaintiffs have the following:

1.      All actual and compensatory damages.

2.      Judgement against the Defendants, jointly and severally.

3.      Prejudgement interest as provided by law.

4.      Awards of exemplary damages against Defendant Ford and Defendants Titan;

5.      Post judgement interest as provided by law.

6.      Costs of suit.

7.      Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**LAW OFFICES OF DOUGLAS ALLISON**
500 North Water Street
South Tower - Suite 400
Corpus Christi, Texas 78471
(361) 888-6002
(361) 888-6651 - Fax

---

By: _Douglas A. Allison by permission Brad Kuger_
Douglas A. Allison
State Bar No. 01083500    637101

**THE WATTS LAW FIRM**
Tower II Bldg., Suite 1400
555 N. Carancahua
Corpus Christi, Texas 78478    4109701
(361) 887-0500
(361) 887-0055 - Fax

By: _Mikal C. Watts by permission Brad Kuger_
Mikal C. Watts
State Bar No. 20981820

ATTORNEYS FOR PLAINTIFFS

---

CAUSE NO. 2002-10-4004-C



| | | |
|---|---|---|
| JORGE ALBERTO FLORES and | § | IN THE DISTRICT COURT |
| IMELDA HERNANDEZ CORDOVA | § | |
| (FLORES), Individually | § | |
| | § | |
| And | § | |
| | § | |
| JAIME E. AGUIRRE, Individually | § | |
| | § | |
| And | § | 197th JUDICIAL DISTRICT |
| | § | |
| FELIPE HERNANDEZ, Individually, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| FORD MOTOR COMPANY; | § | |
| TITAN INTERNATIONAL, INC.; | § | |
| TITAN TIRE CORPORATION; And | § | |
| TITAN TIRE CORPORATION OF TEXAS | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

FILED 9/ ... /C M
AURORA DE LA ... CLERK

NOV 1 5 2002

DISTRICT COURT OF C... COUNTY, TEXAS
DEPUTY

## DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and concurrently with or before the filing of any other plea, pleading, or motion, files this, its Motion to Transfer Venue and, Subject Thereto, Original Answer and Jury Demand, showing unto the Court as follows:

## MOTION TO TRANSFER VENUE

1.      Ford denies that venue is proper in Cameron County, Texas, the county of suit.

Ford specifically denies the allegations set forth in Paragraph II of Plaintiffs' Original Petition and

AUS:1991959 1
13486.95413

ORIGINAL ANSWER

demands strict proof of all venue facts as required by TEX. R. CIV. P. 87(3).

2.    Ford further asserts that venue is inconvenient in Cameron County, Texas. The accident giving rise to this action occurred in Mason County, Texas; and the majority of parties reside in counties that are closer and more convenient to Mason County than to Cameron County.

3.    In the event Plaintiffs are unable to meet their burden of establishing that venue is proper in Cameron County, Ford requests that this case be transferred to Dallas County, Texas. The legal and factual basis for this motion to transfer venue from Cameron County to Dallas County is that Ford's principal office is located in Dallas County, Texas, as the term "principal office" is statutorily defined. TEX. CIV. PRAC. & REM. CODE § 15.001(a). Accordingly, Dallas County is a county of proper venue. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

4.    Should the Court determine that venue is proper, Ford nevertheless requests that this matter be transferred to Mason County, Texas, for the convenience of the witnesses and parties and in the interest of justice..

<u>**Request to Transfer**</u>

5.    For the reasons set forth above, Ford respectfully asks that the Court transfer this case to Dallas County and would show the Court that Dallas County is a county of proper venue. Alternatively, Ford asks that the Court transfer this case to Mason County.

<u>**SUBJECT TO MOTION TO TRANSFER VENUE,**</u>
<u>**ORIGINAL ANSWER AND JURY DEMAND**</u>

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and, subject to its Motion to Transfer Venue, file this, its Original Answer and Jury Demand, and would respectfully show the Court the following:

AUS 1991959.1
13486 95413

2

## **Original Answer**

1.      Ford invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and does thereby exercise its legal right to require Plaintiffs to prove all of the allegations contained in their pleading, if Plaintiffs can so prove them, which is denied, and, accordingly, Ford denies generally the allegations of Plaintiffs' pleading and demands strict proof thereof by a preponderance of the evidence.

## **Affirmative Defenses**

2.      For further answer, if such be necessary, Ford alleges that in accordance with Section 33.013 of the Texas Civil Practices & Remedies Code, Ford may not be held jointly and severally liable for any amount of damages claimed herein _unless_ the percentage of responsibility of Ford, when compared with that of each responsible party, each settling party, and each responsible third party, is greater than fifty percent (50%).

3.      For further answer, if such be necessary, Ford alleges that this case is governed by the 1995 Tort Reform Amendments.  As a consequence:

> a.      Plaintiffs may not recover any amount of damages if their percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled.  TEX. CIV. PRAC. & REM. CODE § 33.001.
>
> b.      Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Ford acted with malice, which Ford denies.  TEX. CIV. PRAC. & REM. CODE § 41.003.  Ford further requests that the jury be instructed as required by TEX. CIV. PRAC. & REM. CODE § 41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Ford denies.
>
> c.      In the unlikely event of any exemplary damage award, Ford further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages

found by the jury, but not to exceed $750,000.

4.    For further answer, if such be necessary, Ford alleges that Plaintiffs' proof with respect to all "design defect" allegations is governed by statute. TEX. CIV. PRAC. & REM. CODE § 82.005. Plaintiffs must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery. Ford requests that the jury be instructed on all statutorily required elements of a "design defect case."

5.    For further answer, if such be necessary, Ford alleges that in the event any issue respecting punitive damages is submitted to the jury, Ford is entitled to have and does hereby request that the jury be instructed that under the principles of state sovereignty and comity as declared by the United States Supreme Court, neither a state court nor a state court jury may impose economic sanctions for alleged violations of state laws with the intent of changing the defendant's conduct in other states. Any such award, or even consideration by the jury, would furthermore violate the commerce clause. As a consequence, the jury cannot consider the total sales of this model year vehicle in any state but Texas.

6.    For further answer, if such be necessary, Ford alleges that the applicable choice-of-law standards require that the punitive damage demands against defendant Ford Motor Company be determined under the law of Michigan, as Ford's principal place of business and the purported location of the alleged misconduct that would be punished by any punitive damages award. Under Michigan law, "it is well established that generally only compensatory damages are available and that punitive sanctions may not be imposed." *McAuley v. General Motors Corp.*, 578 N.W.2d 282, 285 (Mich. 1998). Pursuant to TEX. R. EVID. 202, Ford requests that the Court take judicial notice

of the law of Michigan in this regard, and apply the law of Michigan with respect to Plaintiffs' punitive damage demands.

7.    For further answer, if such be necessary, Ford alleges that Chapter 41 is unconstitutionally vague as applied to Ford in this case. As a matter of due process under the United States and Texas Constitutions, vagueness may invalidate a law, particularly a criminal or quasi-criminal law, for either of two independent reasons. First, a law is unconstitutionally vague if it fails to give fair notice of what conduct may be punished, forcing people to guess at the statute's meaning and threatening to trap the innocent. Second, a law is unconstitutionally vague if it invites arbitrary and discriminatory enforcement by failing to establish guidelines for those charged with enforcing the law (including juries), and allowing them to pursue their own personal predilections. Chapter 41 suffers from both flaws.

8.    For further answer, if such be necessary, Ford alleges that Plaintiffs' claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by Plaintiffs' failures to utilize available and functional safety restraint device, whether to restrain themselves or to properly restrain minor children in their care, as required by the Texas Mandatory Seat Belt Law. The same constitutes negligence *per se*, and Ford requests that the jury be so instructed.

9.    For further answer, if such be necessary, Ford alleges that to the extent Ford is not permitted to elicit evidence with respect to the non-use of seat belts and/or child restraint systems on account of TEX. TRANSP. CODE § 545.413(g), such statute is as applied unconstitutional under the Texas Open Courts provision, and violates Ford's due process and equal protection guarantees under the Texas and United States Constitutions.

10.    For further answer, if such be necessary, Ford alleges that Plaintiffs' allegations fail, in whole or in part, to state a claim upon which relief may be granted, including but not limited to Plaintiffs' claims of failure to recall, post-sale failure to warn, and aggravated assault.

11.    For further answer, if such be necessary, Ford alleges that Plaintiffs' claim of failure to recall must fail as a matter of law under the doctrine of pre-emption and the Supremacy Clause of the United States Constitution.

12.    For further answer, if such be necessary, Ford alleges that Plaintiffs' claim of strict liability as to Ford must fail as a matter of law due to the alteration and/or modification of the subject vehicle.

### Jury Demand

13.    Ford requests a trial by jury and in accordance with Rule 216, Texas Rules of Civil Procedure, tenders the required fee.

WHEREFORE, defendant Ford Motor Company prays that Plaintiffs take nothing by this suit, that Ford have judgment for its costs in this proceeding, and that the Court grant Ford such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**BROWN McCARROLL, L.L.P.**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 Telecopier

By: _____
      Richard H. Grafton (Attorney in Charge)
      State Bar No. 08252800
      Bryan D. Cross
      State Bar No. 24036066

**ATTORNEYS FOR DEFENDANT**
**FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Texas Rules of Civil Procedure on this _8th_ day of November, 2002.

**Via Certified Mail,**
**Return Receipt Requested**

Mikal C. Watts
THE WATTS LAW FIRM, L.L.P.
555 N. Carancahua
Corpus Christi, Texas 78478

Douglas A. Allison
LAW OFFICES OF DOUGLAS A. ALLISON
South Tower, Suite 400
500 North Water Street
Corpus Christi, Texas 78471

_____
Bryan D. Cross



Brown | McCarroll
L.L.P.

111 Congress Avenue, Suite 1400, Austin, Texas 78701-4043
512-472-5456   fax 512-479-1101

direct   (512) 370-3365     cor@mailbmc.com

November 8, 2002

Aurora de la Garza
Cameron County District Clerk
974 E. Harrison Street
Brownsville, TX 78520

      Re:    Cause No. 2002-10-4004-C; *Jorge Alberto Flores, et al. v. Ford Motor Company, et al.*; In the 197th Judicial District Court of Cameron County, Texas

Dear Ms. de la Garza:

Enclosed are the original and one copy of Defendant Ford Motor Company's Motion to Transfer Venue and, Subject Thereto, Original Answer and Jury Demand in the above-referenced cause. Please return a file-stamped copy in the envelope provided.

Also, enclosed is a check in the amount of $30.00 to cover the jury fee.

By copy of this letter, all known counsel of record are being served with same this date. Thank you for your assistance.

      Very truly yours,

      *Catherine Or*

      Catherine Or, Legal Secretary

Enclosure

cc:    Mikal C. Watts - *via Certified Mail, w/encl.*
      THE WATTS LAW FIRM, L.L.P.
      555 N. Carancahua
      Corpus Christi, Texas 78478

      Douglas A. Allison - *via Certified Mail, w/encl.*
      LAW OFFICES OF DOUGLAS A. ALLISON
      South Tower, Suite 400
      500 North Water Street
      Corpus Christi, Texas 78471

icc:   Richard H. Grafton - *w/encl.*

AUS:1992015 1
13486.95413

Austin • Dallas • Houston • Longview

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.006.01

No. 2002-10-004004-C

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TITAN INTERNATIONAL, INC.
BY SERVING REGISTERED AGENT
CHERI T. HOLLEY
2701 SPRUCE STREET
QUINCY, ILLINOIS 62301-0000

the       DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said         PETITION          was filed on OCTOBER 07, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-10-004004-C.

The style of the case is:

JORGE ALBERTO FLORES AND IMELDA HERNANDEZ CORDOVA
VS.
FORD MOTOR COMPANY;TITAN INTERNATIONAL, INC; TITAN

Said petition was filed in said court by         DOUGLAS A. ALLISON
(Attorney for          PLAINTIFF          ), whose address is
SOUTH TOWER - SUITE 400 CORPUS CHRISTI, TX    78471                .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 14th day of OCTOBER , A.D. 2002.



ORIGINAL

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.007.01

No. 2002-10-004004-C

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TITAN TIRE CORPORATION
    BY SERVING REGISTERED AGENT
    CHERI T. HOLLEY
    2701 SPRUCE STREET
    QUINCY, ILLINOIS 62301-0000

the _____ DEFENDANT _____ , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on OCTOBER 07, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-10-004004-C.

The style of the case is:

JORGE ALBERTO FLORES AND IMELDA HERNANDEZ CORDOVA
VS.
FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC; TITAN

Said petition was filed in said court by _____ DOUGLAS A. ALLISON
(Attorney for _____ PLAINTIFF _____ ), whose address is
SOUTH TOWER - SUITE 400 CORPUS CHRISTI, TX    78471 .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 14th day of OCTOBER , A.D. 2002.

**ORIGINAL**

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.008.01

No. 2002-10-004004-C

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TITAN TIRE CORPORATION OF TEXAS
    BY SERVING REGISTERED AGENT
    MANAGER OR OFFICER OF TITAN
    WHEEL INTERNATIONAL, INC.
    6700 PAREDES LANE ROAD
    BROWNSVILLE, TEXAS 78520
the         DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said         PETITION         was filed on OCTOBER 07, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-10-004004-C.

The style of the case is:

JORGE ALBERTO FLORES AND IMELDA HERNANDEZ CORDOVA
VS.
FORD MOTOR COMPANY;TITAN INTERNATIONAL, INC; TITAN

Said petition was filed in said court by         DOUGLAS A. ALLISON
(Attorney for         PLAINTIFF         ), whose address is
SOUTH TOWER - SUITE 400 CORPUS CHRISTI, TX    78471         .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 14th day of OCTOBER , A.D. 2002.

**ORIGINAL**

Citation for Personal Service   - BY CERTIFIED MAIL     Lit. Seq. # 5.005.01

No. 2002-10-004004-C

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FORD MOTOR COMPANY
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 N. ST. PAUL ST.
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on OCTOBER 07, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-10-004004-C.

The style of the case is:

JORGE ALBERTO FLORES AND IMELDA HERNANDEZ CORDOVA
VS.
FORD MOTOR COMPANY;TITAN INTERNATIONAL, INC; TITAN

Said petition was filed in said court by _____DOUGLAS A. ALLISON_____ (Attorney for _____PLAINTIFF_____), whose address is SOUTH TOWER - SUITE 400 CORPUS CHRISTI, TX    78471 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 14th day of  OCTOBER , A.D. 2002.

RUN DATE 11/14/02
RUN TIME 4:37 PM

* * * C L E R K ' S   E N T R I E S * * * *

JORGE ALBERTO FLORES AND IMELDA HERNANDEZ CORDOVA

VS

FORD MOTOR COMPANY;TITAN INTERNATIONAL, INC;TITAN

00637101
DOUGLAS A. ALLISON
500 N.WATER ST.,S.TOWER - #400
CORPUS CHRISTI, TX    78471 0000

(01)

WRONGFUL DEATH

10/07/02  ORIGINAL PETIT
10/07/02  JURY FEE: Pd.
10/14/02  CITATION (CM):
10/14/02    SERVED: 10/
10/14/02  CITATION (CM):
10/14/02    SERVED: 10/
10/14/02  CITATION (CM):
10/14/02    SERVED: 10/2
10/14/02  CITATION (CM):
          OF TEXAS
10/14/02    SERVED: 10/
10/14/02  CITATION (CM):
          INC.
10/14/02    SERVED: 10/2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO FLORES and IMELDA HERNANDEZ CORDOVA (FLORES), Individually, and JAMES E. AGUIRRE, Individually, and FELIPE HERNANDEZ, Individually, | §<br>§<br>§<br>§<br>§<br>§ | **B-02-216**<br><br>CIVIL ACTION NO. _____<br>(JURY TRIAL) |
| Plaintiffs, | §<br>§ | |
| VS. | §<br>§ | |
| FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC.; TITAN TIRE CORPORATION; and TITAN TIRE CORPORATION OF TEXAS, | §<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## CERTIFICATE OF NOTICE OF REMOVAL

The undersigned, being an attorney of record of Defendants Titan International, Inc., Titan Tire Corporation, and Titan Tire Corporation of Texas, hereby certifies that on this 15 day of November, 2002, he has filed a Notice of Removal to District Clerk with the Clerk of the 197th Judicial District Court of Cameron County, Texas, and also mailed a copy of the Notice of Removal to District Clerk to Mikal C. Watts and Douglas A. Allison, counsel of record for Plaintiffs, by certified mail, return receipt requested. Copies of Defendants' Notice of Removal filed in the above-styled cause were attached to the Notice of Removal to District Clerk.

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____

Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEYS FOR DEFENDANTS TITAN TIRE
INTERNATIONAL; TITAN TIRE CORPORATION;
and TITAN TIRE CORPORATION OF TEXAS

--and--

Richard H. Grafton
State Bar No. 08252800
Federal I.D. No. 19276
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 - fax

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this __15th__ day of November, 2002.

**Via Certified Mail,
Return Receipt Requested**

Mikal C. Watts
THE WATTS LAW FIRM, L.L.P.
555 N. Carancahua
Corpus Christi, Texas 78478

Douglas A. Allison
LAW OFFICES OF DOUGLAS A. ALLISON
South Tower, Suite 400
500 North Water Street
Corpus Christi, Texas 78471

**Via Regular Mail**
Richard H. Grafton
State Bar No. 08252800
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701

Michael Rodriguez

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JORGE ALBERTO FLORES and IMELDA HERNANDEZ CORDOVA (FLORES), Individually, and JAMES E. AGUIRRE, Individually, and FELIPE HERNANDEZ, Individually, | § § § § § § | **B-02-216** |
| Plaintiffs, | § § § | CIVIL ACTION NO. _____ (JURY TRIAL) |
| VS. | § § | |
| FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC.; TITAN TIRE CORPORATION; and TITAN TIRE CORPORATION OF TEXAS, | § § § § § | |
| Defendants. | § § | |

## NOTICE OF NOTICE OF REMOVAL

To:    JORGE ALBERTO FLORES and IMELDA HERNANDEZ CORDOVA (FLORES), Individually, and JAMES E. AGUIRRE, Individually, and FELIPE HERNANDEZ, Individually, through their attorneys, Mikal C. Watts, THE WATTS LAW FIRM, L.L.P. 555 N. Carancahua, Corpus Christi, Texas 78478 and Douglas A. Allison, LAW OFFICES OF DOUGLAS A. ALLISON, South Tower, Suite 400, 500 North Water Street, Corpus Christi, Texas 78471

Please take notice that Defendants' Notice of Removal of the above-entitled action from the

197th Judicial District Court of Cameron County, Texas, to the United States District Court for the

Southern District of Texas, Brownsville Division (a copy of which Notice [without exhibits] is

attached hereto as Exhibit "A") was duly filed this day in the United States District Court for the

Southern District of Texas, Brownsville Division.

You are also advised that Defendants, Ford Motor Company, Titan International, Inc., Titan

Tire Corporation, and Titan Tire Corporation of Texas upon filing of Defendants' Notice of Removal

and a copy of the Notice with the Clerk of the state court, have effected this removal in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEYS FOR DEFENDANTS TITAN TIRE
INTERNATIONAL; TITAN TIRE CORPORATION;
and TITAN TIRE CORPORATION OF TEXAS

--and--

Richard H. Grafton
State Bar No. 08252800
Federal I.D. No. 19276
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 - fax

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

**CAUSE NO. 2002-10-4004-C**

| | | |
|---|---|---|
| JORGE ALBERTO FLORES and | § | **IN THE DISTRICT COURT** |
| IMELDA HERNANDEZ CORDOVA | § | |
| (FLORES), Individually | § | |
| | § | |
| And | § | |
| | § | |
| JAIME E. AGUIRRE, Individually | § | |
| | § | |
| And | § | **197th JUDICIAL DISTRICT** |
| | § | |
| FELIPE HERNANDEZ, Individually, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| FORD MOTOR COMPANY; | § | |
| TITAN INTERNATIONAL, INC.; | § | |
| TITAN TIRE CORPORATION; And | § | |
| TITAN TIRE CORPORATION OF TEXAS | § | |
| | § | |
| Defendants. | § | **CAMERON COUNTY, TEXAS** |

## NOTICE OF REMOVAL TO DISTRICT CLERK

TO THE CLERK OF THIS HONORABLE COURT:

Please take notice that Defendants' Notice of Removal of the above-entitled action from the 197th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, was duly filed this day in the United States District Court for the Southern District of Texas. A copy of which Notice (without exhibits) is attached hereto as Exhibit "A".

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEYS FOR DEFENDANTS TITAN TIRE
INTERNATIONAL; TITAN TIRE CORPORATION;
and TITAN TIRE CORPORATION OF TEXAS

--and--

Richard H. Grafton
State Bar No. 08252800
Federal I.D. No. 19276
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 - fax

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Texas Rules of Civil Procedure on this ‎‫15‬‎‫‬ day of November, 2002.

**Via Certified Mail,**
**Return Receipt Requested**

Mikal C. Watts
THE WATTS LAW FIRM, L.L.P.
555 N. Carancahua
Corpus Christi, Texas 78478

Douglas A. Allison
LAW OFFICES OF DOUGLAS A. ALLISON
South Tower, Suite 400
500 North Water Street
Corpus Christi, Texas 78471

**Via Regular Mail**
Richard H. Grafton
State Bar No. 08252800
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701

Michael Rodriguez

AUS:1993267.1
13486.95413