United States District Court
Southern District of Texas
FILED

NOV 2 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JORGE ALBERTO FLORES AND IMELDA HERNANDEZ CORDOVA (FLORES), INDIVIDUALLY<br><br>AND<br><br>JAIME E. AGUIRRE, INDIVIDUALLY<br><br>AND<br><br>FELIPE HERNANDEZ, INDIVIDUALLY (Plaintiffs herein)<br><br>VS.<br><br>FORD MOTOR COMPANY; TITAN INTERNANTIONAL, INC.; TITAN TIRE CORPORATION; AND TITAN TIRE CORPORATION OF TEXAS (Defendants herein) | § § § § § § § § § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION B-02-216 |

**DEFENDANTS TITAN INTERNATIONAL, INC., AND TITAN TIRE CORPORATION OF TEXAS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; DEFENDANTS TITAN INTERNATIONAL, INC., TITAN TIRE CORPORATION AND TITAN TIRE CORPORATION OF TEXAS MOTION TO DISMISS FOR IMPROPER VENUE; DEFENDNAT TITAN INTERNATIONAL, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; AND DEFENDANTS' AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME DEFENDANTS, TITAN INTERNATIONAL, INC. ("Titan International"), TITAN TIRE CORPORATION OF TEXAS ("Titan Texas"), and TITAN TIRE CORPORATION ("Defendants") and files this, Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted pursuant to F.R.C.P. 12(b)(6), Motion to Dismiss for Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction and Affirmative Defenses and would show unto this Court as follows:

## DEFENDANTS TITAN INTERNATIONAL AND TITAN TEXAS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

This cause of action was commenced on October 7, 2002 following a single vehicle accident which occurred in Mason County, Texas, on September 2, 2002. The Plaintiffs initiated suit against all four Defendants in the 197th Judicial District Court of Cameron County, Texas. On November 15, 2002, all four Defendants removed the case to the United States District Court for the Southern District of Texas, Brownsville Division, based upon diversity jurisdiction, 28 U.S.C. §1332.

### I.

The moving Defendants seek dismissal of the causes of action asserted against them by Plaintiffs because Plaintiffs' petition, on its face, fails to state a claim against either Defendant upon which relief can be granted. In support of their motion, Defendants set forth the various factors which militate in favor of dismissal.

## **II.**

Defendant Titan Texas asserts that upon the face of the complaint relief cannot be granted against it for several reasons. Initially, the allegations set forth in the Plaintiffs' Original Petition indicate that the subject tire was manufactured in either 1985 or, more likely, 1995. Specifically, "The tire made the subject of the suit was designed, manufactured, assembled, and/or marketed by the Defendants Titan. Such tire is more specifically identified as a Trail Handler Radial, LT 235/75R15, and bearing DOT #CFHK 522205 (and maybe sometimes referred to as the 'subject tire')." See Plaintiffs Petition at V. Regardless of whether the subject tire was manufactured in 1985 or 1995, however, relief cannot be granted against Titan Texas because Titan Texas was not in existence as a corporation until 1997. Further, Titan Texas played no role in the design, manufacture, or distribution of the subject tire. The subject tire was manufactured by Titan Tire Corporation (an Illinois corporation with its principle place of business in Iowa) pursuant to the design specifications given to it by the Pirelli Armstrong Tire Company.

Under Texas law, to prevail in an action based upon product liability, a plaintiff must show that a defendant designed, manufactured, or sold the product alleged to be defective. The Plaintiff bears the burden of proving by probative evidence that defendant's product caused plaintiff's injury and that defendant's product was defective either in manufacture, design, or marketing at the time of its sale. USX Corp. v. Salinas, 818 S.W.2d 473 (Tex. App. – San Antonio 1991, writ

denied). In this case, not only did Titan Texas play no role in the design, manufacture or sale of the subject tire, Titan Texas was not even incorporated under the laws of the State of Texas until 1997.

To prevail under a negligence theory, the Plaintiffs must prove that Titan Texas breached a duty it owed to the Plaintiffs and in some way caused the injuries complained of and the damages sought. Once again, the Plaintiffs cannot sustain their prima facie case because Titan Texas cannot commit negligent conduct prior to its inception as an entity under the laws of the State of Texas.

Assuming arguendo, if all of the Plaintiffs' allegations in the complaint against Titan Texas are take as true, the Plaintiffs still cannot prevail under any theory they have plead against Titan Texas. Therefore, upon the face of the Plaintiffs' complaint, the complaint fails to state a claim against Titan Texas upon which relief can be granted.

Based on the foregoing, Titan Texas prays that this case be dismissed with prejudice to its refilling and for any other relief it is justly entitled to.

### III.

Titan International, an Illinois company with its principle place of business in Illinois, is a holding company which did not design, manufacture or sell the subject tire. As stated earlier, the subject tire was manufactured by Titan Tire Corporation pursuant to the design specifications given to it by Pirelli Armstrong Tire Company. "Generally, a court will not disregard the corporate fiction and hold a corporation liable for the obligations of its subsidiary except where it

appears the corporate entity of the subsidiary is being used as sham to perpetrate a fraud, to avoid liability, to avoid the effect of a statute, or in other exceptional circumstances." Rodriguez v. Riddell Sports, Inc., et. al, 242 F.3d 567 (5th Circuit 2001) citing Lucas v. Tex. Indus., Inc., 696 S.W.2d 372, 374 (Tex. 1985) (citing Torregrossa v. Szelc, 603, S.W.2d 803 (Tex. 1980).

Upon the face of the Plaintiffs' complaint, they cannot establish liability against Titan International under any theory plead. There is no indication that Titan Tire Corporation is being used as a sham to perpetrate a fraud. On the contrary, Titan Tire Corporation is a fully capitalized, solvent corporation. Further, there is no evidence that Titan Tire Corporation is the alter ego of Titan International. "There must be something more than mere unity of financial interest, ownership and control for a court to treat the subsidiary as the alter ego of the parent and make the parent liable for the subsidiary's tort." Rodriguez at 577.

Accordingly, the petition against Titan International should be dismissed for failure to state a claim and for any other relief it is justly entitled to receive.

## DEFENDANTS TITAN INTERNATIONAL, TITAN TIRE CORPORATION AND TITAN TEXAS MOTION TO DISMISS FOR IMPROPER VENUE

Pursuant to F.R.C.P. 12(b)(3), Defendants move to dismiss this lawsuit on the grounds of improper venue. The Plaintiffs alleged in their State Court pleading that Cameron County, Texas is a county of proper venue because Titan Texas has its principle office in Texas in Cameron County. Although, Titan Texas

does maintain its principle office in Cameron County, Defendants have shown to this Court that Titan Texas was fraudulently joined to defeat diversity jurisdiction and in the foregoing motion, if granted, that Titan Texas is not a proper defendant at all.

If Titan Texas is not a proper defendant because the Plaintiffs have failed to state a claim upon which relief can be granted, then the Southern District of Texas, Brownsville Division, is an improper venue and the Court should dismiss the lawsuit or in its discretion transfer the case to a county of proper venue.

Defendant Ford Motor Company ("Ford"), alleged in its Original Answer to the Plaintiffs' petition during the State Court proceedings that Dallas County is a county of proper venue because that is where Ford maintains its principle office in Texas. Defendants Titan International, Titan Tire Corporation and Titan Texas request that this Court transfer the case to the Northern District of Texas which encompasses Dallas County which is a county of proper venue. In the alternative, Titan International, Titan Tire Corporation and Titan Texas request this Court transfer the case to the Western District of Texas which encompasses Mason County which is a county of proper venue because the accident giving rise to this lawsuit occurred in Mason County, Texas.

## DEFENDANT TITAN INTERNATIONAL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### I.

Defendant Titan International moves this Court to dismiss the causes of action asserted against it by Plaintiffs for the reason that this Honorable Court cannot exercise jurisdiction over Defendant. Because Titan International has insufficient contacts with the State of Texas, exercising jurisdiction would offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154 (1945).

### II.

Titan International is a holding company which purchased the land on which the Titan Texas plant sits. Titan International does not do business in the State of Texas and, as asserted earlier, did not design, manufacture or sell the subject tire. Titan International does not meet the test of "continuous and systematic" activities with Texas which would confer general jurisdiction over this Defendant. Further, the causes of action asserted by Plaintiffs do not arise from nor are they in any way associated with Titan International's ownership of the land of the fraudulently joined Titan Texas plant and therefore there do not exist sufficient contacts to assert specific jurisdiction over Titan International.

Accordingly, because Titan International does not have sufficient contacts with Texas, the Plaintiffs' causes of action asserted against Titan International should be dismissed for lack of personal jurisdiction.

## DEFENDANT TITAN INTERNATIONAL, TITAN TIRE CORPORATION AND TITAN TEXAS AFFIRMATIVE DEFENSES

1. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, due to the contributory negligence of Plaintiffs and/or Plaintiff Felipe Hernandez in that they failed to exercise ordinary care, caution and prudence to avoid the incident and/or the injuries in question. Plaintiffs' acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

2. For further answer, if such be necessary, and pleading in the alternative, Defendants allege Plaintiffs are barred from recovery by the doctrine of contributory negligence, comparative negligence, and/or comparative causation.

3. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that if Plaintiffs were damaged and injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident.

4. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the act or omission of a person other than Defendants was the sole proximate cause of the incident in question.

5. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that if Plaintiffs were damaged

and injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendants are not responsible.

6. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts or omissions of Plaintiffs or other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

7. For further answer, if such be necessary, and pleading in the alternative, Defendants state that the injuries and damages alleged by Plaintiffs were caused, proximately caused, solely caused or solely proximately caused by some person or third person other than Defendants.

8. For further answer, if such be necessary, and pleading in the alternative, Defendants state that Plaintiffs' alleged injuries and damages resulted from new and independent, intervening and/or superseding causes beyond the control of and unrelated to any conduct of Defendants.

9. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

10. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of the alleged injuries and damages as required by law.

11. For further answer, if such be necessary, and pleading in the alternative, Defendants further invoke the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendants allege that the negligence of

Plaintiffs is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendants.

12. For further answer, if such be necessary, and pleading in the alternative, Defendants further invoke the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

13. For further answer, if such be necessary, and pleading in the alternative, Defendants further specifically deny that it is liable for prejudgment interest in this cause of action as pled by Plaintiff.

14. For further answer, if such be necessary, and pleading in the alternative, Defendants state that Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that they acted with malice, which they deny.

15. For further answer, if such be necessary, and pleading in the alternative, Defendants allege that Plaintiffs' proof with respect to all "design defect" allegations is governed by statute. Tex. Civ. Prac. & Rem. Code § 82.005. Plaintiffs must prove by a preponderance of the evidence (1) that there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery.

16. For further answer, if such be necessary, and pleading in the alternative, the Defendants allege that Plaintiffs' claims for damages may be

barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by Plaintiffs' failure to utilize available and functional safety restraint device, whether to restrain themselves or to properly restrain minor children in their care, as required by the Texas Mandatory Seat Belt Law. This violation constitutes negligence per se, and Defendants request that the jury be so instructed.

17. For further answer, if such be necessary, and pleading in the alternative, Defendants allege that Plaintiffs' claim of strict liability as to them must fail as a matter of law due to the alteration and /or modification of the subject tire.

18. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the warranties and exclusion of warranties offered when the subject tire was purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

19. For further answer, if such be necessary, and pleading in the alternative, Defendants further rely upon their rights in the event the evidence shows any spoliation of evidence by any party.

20. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provision of Chapter 41, of the Texas Civil

Practices & Remedies Code, including the provision on applicability, standards for recover, preclusion, prejudgment interest, and limitations on amount.

21. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of punitive damages in this case would violate procedural due process guaranteed by the Constitution of the United States. Texas law, and the instructions given to the jury, are vague, standardless as to whether and how much to punish a defendant, and likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

22. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of provisions of the United States Constitution and the Texas Constitution.

23. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs failed to maintain the tire in the proper condition.

24. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that any claims based upon breach of warranty or warranties are barred by the applicable statute of limitations.

WHEREFORE, Defendants Titan International, Inc., Titan Tire Corporation and Titan Tire Corporation of Texas pray that their Motions to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, Motion to Dismiss for Improper Venue and Motion to Dismiss for Lack of Personal Jurisdiction be granted and further, upon final trial and hearing hereof, they have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which they may show themselves justly entitled to receive.

Respectfully Submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
Michael Rodriguez
Attorney-in-Charge
State Bar No. 00791553
Federal Admissions No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR DEFENDANTS, TITAN INTERNATIONAL, INC., TITAN TIRE CORPORATION AND TITAN TIRE CORPORATION OF TEXAS

## AFFIDAVIT

STATE OF TEXAS          *

COUNTY OF CAMERON       *

BEFORE ME, the undersigned authority, on this day personally appeared Michael Rodriguez, who upon being sworn according to law, upon his oath did depose and state:

*"I am the attorney for the Titan Defendants in Civil Action B-02-216. I have read the foregoing **Motion to Dismiss for Improper Venue** and swear that all of the allegations contained therein are true and correct to the best of my knowledge."*

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　MICHAEL RODRIGUEZ

SWORN AND SUBSCRIBED TO before me the undersigned authority, on this the 20TH day of November, 2002.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Notary Public--State of Texas
　　　　　　　　　　　　　　　　　　　　　　　　　Martha Gutierrez
　　　　　　　　　　　　　　　　　　　　　　　　　Commission expires: 6/24/06

SEAL  

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on all counsel of record, to-wit:

**Via Certified Mail,
Return Receipt Requested**

Mikal C. Watts
THE WATTS LAW FIRM, L.L.P.
555 N. Carancahua
Corpus Christi, Texas 78478

Douglas A. Allison
LAW OFFICES OF DOUGLAS A. ALLISON
South Tower, Suite 400
500 North Water Street
Corpus Christi, Texas 78471

Richard H. Grafton
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this 20th day of November, 2002.

_____
Michael Rodriguez