IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 0 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE ALBERTO FLORES AND<br>IMELDA HERNANDEZ CORDOVA<br>(FLORES), INDIVIDUALLY<br><br>AND<br><br>JAIME E. AGUIRRE, INDIVIDUALLY<br><br>AND<br><br>FELIPE HERNANDEZ, INDIVIDUALLY<br>(Plaintiffs herein)<br><br>VS.<br><br>FORD MOTOR COMPANY;<br>TITAN INTERNATIONAL, INC.;<br>TITAN TIRE CORPORATION; AND<br>TITAN TIRE CORPORATION OF TEXAS<br>(Defendants herein) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-02-216 |

<u>**DEFENDANTS TITAN INTERNATIONAL, INC., TITAN TIRE CORPORATION
AND TITAN TIRE CORPORATION OF TEXAS ORIGINAL ANSWER AND
JURY DEMAND SUBJECT TO THEIR MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM, MOTION TO DISMISS FOR IMPROPER VENUE,
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICITON AND
AFFIRMATIVE DEFENSES**</u>

TO THE HONORABLE UNITED STATES JUDGE:

COMES NOW TITAN INTERNATIONAL, INC., TITAN TIRE
CORPORATION AND TITAN TIRE CORPORATION OF TEXAS, Defendants in the
above entitled and numbered cause, and file this Original Answer and Jury Demand in

*Defendants Titan International, Inc, Titan Tire Corporation and Titan Tire Corporation of Texas
Original Answer and Jury Demand Subject to their Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for
Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction and Affirmative Defenses.
PAGE 1*

response to Plaintiff's Original Petition, and in support thereof, would show the Court as follows:

<u>ANSWER</u>

1.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph I of Plaintiffs' Original Petition. However, Defendants do admit that the factual allegations and possible legal issues in this case are complex.

2.    Defendants deny that venue is proper in Cameron County, Texas as contained in Paragraph II of Plaintiffs' Original Petition.

3.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraphs 1, 2 and 3 of Paragraph III of Plaintiffs' Original Petition.

4.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 4 of Paragraph III of Plaintiffs' Original Petition.

5.    Defendants deny the allegations contained in sub-paragraph 5 of Paragraph III of Plaintiffs' Original Petition.

6.    Defendants deny the allegations contained in sub-paragraph 6 of Paragraph III of Plaintiffs' Original Petition.

7.    Defendants deny the allegations contained in sub-paragraph 7 of Paragraph III of Plaintiffs' Original Petition subject to the explanation that Titan Texas did not exist when the subject tire was manufactured according to design specifications of the Pirelli Armstrong Tire Corporation.

*Defendants Titan International, Inc, Titan Tire Corporation and Titan Tire Corporation of Texas*
*Original Answer and Jury Demand Subject to their Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for*
*Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction  and Affirmative Defenses.*
*PAGE 2*

8.    Defendants deny the allegations contained in Paragraph IV of Plaintiffs' Original Petition.

9.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph V of Plaintiffs' Original Petition, and therefore, deny same as to Ford Motor Company. Defendants deny the allegations contained in Paragraph V of Plaintiffs' Original Petition as the subject tire was manufactured by Titan Tire Corporation according to the design specifications of the Pirelli Armstrong Tire Corporation.

10.    Defendants deny the allegations contained in Paragraph VI of Plaintiffs' Original Petition. The Titan entities are not a single business enterprise nor do they act as a single corporation.

11.    Defendants deny the allegations contained in Paragraph VII of Plaintiffs' Original Petition.

12.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 1 of the misnumbered second Paragraph VII of Plaintiffs' Original Petition, and therefore, deny same.

13.    Defendants deny the allegations contained in sub-paragraph 2 of the misnumbered second Paragraph VII of Plaintiffs' Original Petition. Titan Tire Corporation manufactured the subject tire according to the design specifications of the Pirelli Armstrong Tire Corporation.

14.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 1 of Paragraph VIII of Plaintiffs' Original Petition, and therefore, deny same.

*Defendants Titan International, Inc, Titan Tire Corporation and Titan Tire Corporation of Texas Original Answer and Jury Demand Subject to their Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction and Affirmative Defenses.*
*PAGE 3*

15.    Defendants deny the allegations contained in sub-paragraph 2 of Paragraph VIII of Plaintiffs' Original Petition.

16.    Defendants deny the allegations contained in sub-paragraph 1 of Paragraph IX of Plaintiffs' Original Petition.

17.    Defendants deny the allegations contained in sub-paragraph 2 of Paragraph IX of Plaintiffs' Original Petition.

18.    Defendants deny the allegations contained in sub-paragraph 3 of Paragraph IX of Plaintiffs' Original Petition.

19.    Defendants deny the allegations contained in sub-paragraph 4 of Paragraph IX of Plaintiffs' Original Petition.

20.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 1 of Paragraph X of Plaintiffs' Original Petition, and therefore, deny same.

21.    Defendants deny the allegations contained in sub-paragraph 2 of Paragraph X of Plaintiffs' Original Petition.

22.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 1 of Paragraph XI of Plaintiffs' Original Petition, and therefore, deny same.

23.    Defendants deny the allegations contained in sub-paragraph 2 of Paragraph XI of Plaintiffs' Original Petition.

24.    Defendants deny that Plaintiffs are entitled to a judgment, damages, pre-judgment interest, exemplary damages, post-judgment interest, costs, or any other relief prayed for in the prayer of Plaintiffs' Original Petition.

25.    Defendants deny each and every allegation contained in Plaintiff's Original Petition not specifically admitted herein.

*Defendants Titan International, Inc, Titan Tire Corporation and Titan Tire Corporation of Texas*
*Original Answer and Jury Demand Subject to their Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for*
*Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction  and Affirmative Defenses.*
*PAGE 4*

## AFFIRMATIVE DEFENSES

26.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, due to the contributory negligence of Plaintiffs and/or Plaintiff Felipe Hernandez in that they failed to exercise ordinary care, caution and prudence to avoid the incident and/or the injuries in question. Plaintiffs' acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

27.    For further answer, if such be necessary, and pleading in the alternative, Defendants allege Plaintiffs are barred from recovery by the doctrine of contributory negligence, comparative negligence, and/or comparative causation.

28.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that if Plaintiffs were damaged and injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident.

29.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the act or omission of a person other than Defendants was the sole proximate cause of the incident in question.

30.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that if Plaintiffs were damaged and injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendants are not responsible.

31.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts or omissions of Plaintiffs or other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

*Defendants Titan International, Inc, Titan Tire Corporation and Titan Tire Corporation of Texas*
*Original Answer and Jury Demand Subject to their Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for*
*Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction and Affirmative Defenses.*
*PAGE 5*

32.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that the injuries and damages alleged by Plaintiffs were caused, proximately caused, solely caused or solely proximately caused by some person or third person other than Defendants.

33.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that Plaintiffs' alleged injuries and damages resulted from new and independent, intervening and/or superseding causes beyond the control of and unrelated to any conduct of Defendants.

34.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

35.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of the alleged injuries and damages as required by law.

36.    For further answer, if such be necessary, and pleading in the alternative, Defendants further invoke the provisions of §33.001 of the Texas Civil Practice & Remedies Code.  In this case, Defendants allege that the negligence of Plaintiffs is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendants.

37.    For further answer, if such be necessary, and pleading in the alternative, Defendants further invoke the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

38.    For further answer, if such be necessary, and pleading in the alternative, Defendants further specifically deny that they are liable for prejudgment interest in this cause of action as pled by Plaintiffs.

39.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that they acted with malice, which they deny.

40.    For further answer, if such be necessary, and pleading in the alternative, Defendants allege that Plaintiffs' proof with respect to all "design defect" allegations is governed by statute. Tex. Civ. Prac. & Rem. Code § 82.005. Plaintiffs must prove by a preponderance of the evidence (1) that there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery.

41.    For further answer, if such be necessary, and pleading in the alternative, the Defendants allege that Plaintiffs' claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by Plaintiffs' failure to utilize available and functional safety restraint device, whether to restrain themselves or to properly restrain minor children in their care, as required by the Texas Mandatory Seat Belt Law. This violation constitutes negligence per se, and Defendants request that the jury be so instructed.

42.    For further answer, if such be necessary, and pleading in the alternative, Defendants allege that Plaintiffs' claim of strict liability as to them must fail as a matter of law due to the alteration and /or modification of the subject tire.

*Defendants Titan International, Inc, Titan Tire Corporation and Titan Tire Corporation of Texas*
*Original Answer and Jury Demand Subject to their Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for*
*Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction and Affirmative Defenses.*
*PAGE 7*

43.     For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the warranties and exclusion of warranties, if any, offered when the subject tire was purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

44.     For further answer, if such be necessary, and pleading in the alternative, Defendants further rely upon their rights in the event the evidence shows any spoliation of evidence by any party.

45.     For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively deny that they are liable for exemplary damages and pleads affirmatively the provision of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provision on applicability, standards for recovery, preclusion, prejudgment interest, and limitations on amount.

46.     For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of punitive damages in this case would violate procedural due process guaranteed by the Constitution of the United States. Texas law, and the instructions given to the jury, are vague, standardless as to whether and how much to punish a defendant, and likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

*Defendants Titan International, Inc, Titan Tire Corporation and Titan Tire Corporation of Texas*
*Original Answer and Jury Demand Subject to their Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for*
*Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction  and Affirmative Defenses.*
*PAGE 8*

47.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of provisions of the United States Constitution and the Texas Constitution.

48.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs failed to maintain the tire in the proper condition.

49.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that any claims based upon breach of warranty or warranties are barred by the applicable statute of limitations.

## JURY DEMAND

50.    Defendants hereby request trial by jury.


WHEREFORE, Defendants Titan International, Inc., Titan Tire Corporation and Titan Tire Corporation of Texas pray that upon final trial and hearing hereof, they have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which they may show themselves justly entitled to receive.

*Defendants Titan International, Inc, Titan Tire Corporation and Titan Tire Corporation of Texas*
*Original Answer and Jury Demand Subject to their Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for*
*Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction and Affirmative Defenses.*
*PAGE 9*

Respectfully Submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
      Michael Rodriguez
Attorney-in-Charge
State Bar No. 00791553
Federal Admissions No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR DEFENDANTS,
TITAN INTERNATIONAL, INC., TITAN
TIRE CORPORATION AND TITAN TIRE
CORPORATION OF TEXAS

*Defendants Titan International, Inc, Titan Tire Corporation and Titan Tire Corporation of Texas*
*Original Answer and Jury Demand Subject to their Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for*
*Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction and Affirmative Defenses.*
*PAGE 10*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendant's Original Answer and Jury Demand was served on all counsel of record, to-wit:

**Via Certified Mail,**
**Return Receipt Requested**

Mikal C. Watts
THE WATTS LAW FIRM, L.L.P.
555 N. Carancahua
Corpus Christi, Texas 78478

Douglas A. Allison
LAW OFFICES OF DOUGLAS A. ALLISON
South Tower, Suite 400
500 North Water Street
Corpus Christi, Texas 78471

Richard H. Grafton
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this 20ᵗʰ day of November, 2002.

_____
Michael Rodriguez

---

*Defendants Titan International, Inc, Titan Tire Corporation and Titan Tire Corporation of Texas*
*Original Answer and Jury Demand Subject to their Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for*
*Improper Venue, Motion to Dismiss for Lack of Personal Jurisdiction  and Affirmative Defenses.*
*PAGE 11*