*10*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

DEC 1 3 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JORGE ALBERTO FLORES AND IMELDA HERNANDEZ CORDOVA (FLORES), INDIVIDUALLY<br><br>AND<br><br>JAIME E. AGUIRRE, INDIVIDUALLY<br><br>AND<br><br>FELIPE HERNANDEZ, INDIVIDUALLY (PLAINTIFFS HEREIN)<br><br>VS.<br><br>FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC. TITAN TIRE CORPORATION; AND TITAN TIRE CORPORATION OF TEXAS (Defendants) | § § § § § § § § § § § § § § § § § § § § § § |

CIVIL ACTION B-02-216

## PLAINTIFFS JORGE ALBERTO FLORES, IMELDA HERNANDEZ CORDOVA (FLORES), JAIME E. AGUIRRE AND FELIPE HERNANDEZ'S MOTION TO REMAND AND BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Jorge Alberto Flores, Imelda Hernandez Cordova (Flores), Jaime

E. Aguirre and Felipe Hernandez (hereinafter referred to as "Plaintiffs"), Plaintiffs in

the above-styled and numbered cause and files this their Motion to Remand and Brief in

Support Thereof pursuant to 28 U.S.C. §1447(c) and respectfully move this Court to

*Mark Dodson, M.D. v. Warner-Lambert, et al.*
Plaintiff's Motion to Remand
Page 1 of 12

remand the above-matter to the 197th Judicial District Court Cameron County, Texas, the Court from which this matter was improperly and improvidently removed. In support of this Motion, Plaintiff would show the Court the following:

## I.
## Introduction

1.      Plaintiffs Jorge Alberto Flores, Imelda Hernandez Cordova (Flores), Jaime E. Aguirre and Felipe Hernandez, filed suit against Defendant Bridgestone/Firestone, Inc., Ford Motor Co., and Border Transfer Services, Inc. in Cause Number 2002-10-4004-C in the 197th Judicial District, Cameron County, Texas on November 15, 2002. Ford Motor Company, Titan International, Inc., Titan Tire Corporation and Titan Tire Corporation of Texas, Defendants removed the state court action to federal court on August 10, 2001.

2.      The facts pertinent to this Motion are as follows:  The subject case arises out of a motor vehicle which occurred on September 2, 2002 in which Plaintiff, Felipe Hernandez was driving a 1991 Ford Explorer south bound on U.S. Highway 87 in Mason County, Texas when the left rear tire suddenly and unexpectedly suffered a de-tread, and caused a loss of control of the vehicle. Thereafter, the Ford Explorer crossed into the lanes of the opposing traffic, and then went back to the right (across the south bound lanes), and rolled over. The loss of the control caused by the tire failure (de-tread), and exacerbated by the vehicle's oversteer, and the roll over of the Explorer, were some of the causes of the incident made the basis of this suit. Plaintiffs would show that a safe vehicle and/or tire would have completely avoided the incident made

---

the basis of this suit (and the many injuries and two (2) deaths made the basis of this suit.

3.      Plaintiffs hereby make this Motion to Remand and files this Brief in Support Thereof as the Defendants cannot meet their burden of proof on removal, TITAN TEXAS was not fraudulently joined, and Defendants' Removal should be denied.

## II.
## Remand Standards

### A. Courts favor remand and review facts and law in favor of Plaintiff

4.      This court can remand this case for lack of subject-matter jurisdiction without a motion by the plaintiff.  Nevertheless, Plaintiffs have prepared this Motion to Remand and Brief in Support Thereof.  The courts strictly construe the removal statues in favor of remand and against removal.  *Brinkley v. Univ. Health Serv., Inc.*, 194 F.Supp.2d 597 (S.D. Tex. 2002); *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996); *see Duncan v. Stretzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

5.      All disputed questions of fact must be resolved in favor of the non-removing party.  *Badon v. R.R. Nabisco Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), cert. denied, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).  In determining the validity of a claim of fraudulent joinder, the district court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.  *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).  The court must also

resolve all ambiguities in the controlling state law in the plaintiff's favor. *Id.* If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Id.* The court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but only looks for the possibility that the plaintiff might do so. *Id.*

6.    An order to remand an action is ordinarily not reviewable by the Court of Appeals. The general rule is set forth by 28 U.S.C. s 1447(d), which states that "an order remanding a case to the state court ... is not reviewable on appeal or otherwise," *Self v. Self*, 614 F.2d 1026 (5th Cir. 1980); *In re Weaver*, 610 F.2d 335 (5th Cir. 1980), rehearing den., 615 F.2d 919 (5th Cir. 1980); *Live and Let Live v. Carlsberg Mobile Home Properties*, 592 F.2d 846 (5th Cir. 1979).

### B. The Defendants have heavy burden of clear and convincing evidence

7.    The standard for determining whether plaintiff's claim against defendant who is a citizen of plaintiff's state is sufficiently substantial to defeat removal jurisdiction requires removing defendant to demonstrate, by clear and convincing evidence, either that there has been outright fraud committed by plaintiff's pleadings, or that there is no possibility, based on the pleadings, that plaintiff can state a cause of action against the non-diverse defendant in state court. *In re Rezulin Prod. Liab. Lit.* [Rezulin I], 133 F.Supp.2d 272, 279-80. The burden on a removing defendant to meet this standard is a heavy one. *Id.* at 280.

## C. This motive of including a certain defendant is immaterial

8.    The motive of a plaintiff in joining a defendant is immaterial provided the plaintiff asserts the cause of action in good faith, upon a reasonable basis grounded in state law. *Hernandez v. Pfizer, et al.,* Civil Action C-00-459; *See also Higgins v. Pittsburgh-Des Moines, Co.,* 635 F.Supp. 1182, 1184 (S.D. Tex. 1986); *Dollar v. General Motors Corp.,* 814 F.Supp. 538, 541 (E.D. Tex. 1993).

### III.
### Arguments and Authorities

## A. Defendants assert only one issue that can be addressed by court

9.    Defendants do not claim Plaintiffs have committed outright fraud in the recitation of jurisdictional facts, or that the claim against the non-diverse defendants have no real connection to the claim against the non-diverse defendants. Thus, the Court must decide whether there is any possibility that the Plaintiffs would be able to establish a cause of action against TITAN TEXAS in state court.

## B. Burden of Proof for Fraudulent Joinder

10.    A review of pertinent case law from the Fifth Circuit, among others, reveals that Defendants bear a heavy burden in proving that TITAN TEXAS were fraudulently joined in this case. If the Defendants claim that the citizenship of a non-diverse defendant should be disregarded because the defendant was "fraudulently joined," the notice must state that (a) there is an outright fraud in the plaintiff's recitation of jurisdictional facts; (b) there is no possibility the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court; or (c) the claim against the non-diverse defendant has no real connection to the claim against the

non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Madison v. Vintage Pet. Inc.*, 114 F.3d 514, 516 (5th Cir. 1997). As discussed, *supra*, Defendants must show "fraudulent joinder" by clear and convincing evidence.

### C. TITAN TEXAS were not fraudulently joined

11.    TEXAS TITAN was not fraudulently joined. TEXAS TITAN, as properly pled by Plaintiffs and admitted by Defendants, is a Texas Corporation with its principal place of business in Cameron County, Texas. Plaintiffs have alleged strict liability and joint enterprise against all the TITAN defendants, including TITAN TEXAS. The Defendants allege that TITAN TEXAS is not a proper party and was fraudulently joined. Plaintiff would show otherwise. The facts of this case are undisputed. Defendants are attacking Plaintiffs' claims against only TITAN TEXAS. There is no dispute that TITAN TEXAS is a Texas corporation or that the accident occurred in Texas.

### 1. Plaintiffs asserted valid strict liability and negligence causes of action under Texas law

12.    Plaintiffs have asserted strict liability and negligence causes of action against all defendants. Under strict liability, Plaintiffs assert and properly pled design defect, manufacturing defect and marketing defect. Under negligence, Plaintiffs assert and properly pled negligence in the design, manufacturing, assembling, testing and marketing of the tire in question. As Texas is a notice pleading state, Plaintiffs' causes of action were properly pled in Plaintiffs' Original Petition.

In fact, Defendants do not complain of Plaintiffs pleadings in regard to the causes of action they assert. In fact, the only argument that Defendants assert with respect to

TITAN TEXAS is in paragraph 10, wherein they complain of fraudulently joinder because TITAN TEXAS was "not even an existing entity at the time the [t]ire was manufactured and sold." *See* Defendants' Notice of Removal. Thus, the only issue on removal before this court is joint enterprise, discussed *infra*.

## 2. Single Business Enterprise/Joint Enterprise in Texas

13.    Plaintiffs' properly pled in their Original Petition single business enterprise and alternatively, joint enterprise:

> "Plaintiffs would show that Defendant Titan International, Inc., and Defendant Titan Tire Corporation and Defendant Titan Tire Corporation of Texas are a single business enterprise. Additionally, and/or alternatively, such Defendants Titan are a joint enterprise. Additionally, and/or alternatively, such Defendant Titan are one corporation upon consideration that the Defendants Titan act as one corporation (without maintaining separate corporate identities), and thus allow for a piercing of the corporate veil (and/or that any subsidiary is the alter ego of the parent corporation). As such, all of the Defendant Titan are legally liable for the acts and/or omissions, and defective products, of the other Defendants Titan.

See Plaintiffs Original Petition. If the TITAN companies are in a joint enterprise, joint venture, and/or single business enterprise, they will be treated as one entity and each will be held responsible for the conduct of the other.

Courts have consistently recognized the theory of single business enterprise. *George Grubbs Enters., Inc. v. Bien,* 881 S.W.2d 843 (Tex.App. – Fort Worth 1994), rev'd on other grounds, 900 S.W.2d 337 (Tex. 1995); *Hideca Petroleum Corp. v. Tampimex Oil International Ltd.,* 740 S.W.2d 838, 843 (Tex.App.--Houston [1st Dist.] 1987, no writ). *Paramount Petroleum Corp. v. Taylor Rental Center,* 712 S.W.2d 534 (Tex.App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.). The Texas Supreme Court has consistently

recognized the theory of joint enterprise liability. *See Shoemaker v. Estate of Whistler*, 513 S.W.2d 10, 16-17 (Tex. 1974); *Texas Dept. of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000).

Plaintiffs have asserted that all the TITAN defendants are a single business enterprise and alternatively, a joint enterprise. Plaintiffs' properly pled this argument and it is before this court. <u>This argument was not even addressed by defendants in their removal</u>. At the time Plaintiffs' cause of action accrued, the defendants were a single business enterprise and/or a joint enterprise and had a principle place of business in Texas. As TITAN TEXAS, as well as the other defendants, are directly tied to Texas with a principle place of business in Texas, diversity does not exist and Defendants' removal was improper. As such, this court has no jurisdiction and the case should be remanded to state court.

## IV.
## Defendants Removal is Procedurally Defective

14.    This cause should be remanded to state court because Defendants' removal is procedurally defective. Defendants did not obtain the consent of all served Defendants before removing the case.   TITAN TEXAS was served and filed an answer in this action. However, there is no consent from TITAN TEXAS to the removal of this action.  *See Marshall vs. Skydive Am. S.*, 903 F. Supp. 1067, 1069 (E.D. Tex. 1995); *Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253, 1254 (D. Utah 1995). Defendants continue to contradict themselves.  TITAN TEXAS joined in the motions regarding motion to dismiss for failure to state a claim upon which relief can be granted, Motion To Dismiss For Improper Venue And Motion To Dismiss For Lack Of Personal Jurisdiction And Affirmative Defenses.  There is no doubt that these Defendants are all represented by

the same counsel. The requirement of consent of all parties should be applied under the circumstances at bar.

15.    Therefore, this removal is procedurally defective and this case should be remanded. For these reasons, Plaintiffs ask that this Court grant the Motion to Remand, remand this suit to the state court in which it was originally and award Plaintiffs their court cost expenses and attorney's fees incurred in responding to this improper.

## V.
## Costs

16.    If the federal court grants a motion to remand, the order may require payment of costs, expenses and attorneys fees incurred as a result of the improper removal. 28 U.S.C. §1447(c); *see Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 209 (5th Cir. 1998). Defendants have no reasonable grounds for removal and should be assessed costs, expenses and attorneys fees for this improper removal.

## VI.
## Conclusion

17.    When federal subject matter jurisdiction by way of removal is doubtful, the case should be remanded to State Court. *Butler v. Polk*, 592 F.2d 1293, 1294 (5th Cir. 1979); *Ruffin v. Armco Steel Corp.*, 9959 F. Supp. 770, 772 (S.D. Tex. 1997); *Torres v. Southern Peru Copper Corp.*, 965 F. Supp. 895, 879 (S.D. Tex. 1995). Using the legal principles stated herein and applying the facts of this case thereto leads to the inescapeable conclusion that Plaintiffs have at least a possibility, if not a probability of recovery against TITAN TEXAS. Plaintiffs' state court pleading states, in good faith, valid causes of action against TITAN TEXAS for strict liability and single business

enterprise/joint enterprise. For these reasons, it is clear that Defendants have not and cannot meet their heavy burden to prove fraudulent joinder by clear and convincing evidence in this case. That being the case, the joinder of TITAN TEXAS is not fraudulent in fact or law. Moreover, the Defendants' removal of this case is procedurally defective because TITAN TEXAS has not joined in this removal.

Defendants failed to argue against single business enterprise/joint enterprise. Plaintiffs, per the pleadings, have established that recovery against the Defendants for strict liability and negligence via single business enterprise/joint enterprise. Defendants' removal was improper, Plaintiffs' motion should be granted and this case should be remanded to state court.

**WHEREFORE**, Plaintiffs in this case respectfully pray that his Motion to Remand be granted and that this Court remand this case to the 197th Judicial District Court of Cameron County, Texas. Plaintiffs further prays for such further and other relief to which they may show himself justly entitled.

**Respectfully submitted,**

By: _/s/ Mikal C. Watts_

Mikal C. Watts
Attorney-in-Charge
State Bar Number 20981820
Federal I.D. Number 12419
Gregory L. Gowan
State Bar Number 00795384
Federal I.D. Number 19991

WATTS & HEARD, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, Texas  78478
Telephone: (361) 887-0500
Facsimile:  (361) 887-0055

Douglas A. Allison
State Bar Number 01083500
LAW OFFICES OF DOUGLAS ALLISON
500 N. Water Street
South Tower, Suite 400
Corpus Christi, Texas 78741
Telephone: (361) 888-6002
Facsimile: (361) 888-6651

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that movant has conferred with Respondent and Counsel cannot agree about the disposition of the Motion.

Mikal C. Watts

## REQUEST FOR ORAL HEARING

Plaintiffs request an oral hearing on the Plaintiffs Motion to Remand.

Mikal C. Watts

---

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Motion to Remand
Page 11 of 12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded by the method of service indicated below to the parties listed below on this the 13th day of December, 2002.

| | |
|---|---|
| Mr. Michael Rodriguez<br>1000 E. Madison Street<br>Brownsville, Texas 78520 | *Via C.M./R.R.R. #7002 0460 0000 6541 0351*<br>*Via Facsimile (956) 574-9337* |
| Richard A. Grafton<br>Brown McCarroll<br>111 Congress Ave.<br>Suite 1400<br>Austin, Texas 78701 | *Via C.M./R.R.R. #7002 0460 0000 6541 0337*<br>*Via Facsimile (512) 479-1101* |

Mikal C. Watts