IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 6 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JORGE ALBERTO FLORES AND IMELDA HERNANDEZ CORDOVA (FLORES), INDIVIDUALLY<br><br>AND<br><br>JAIME E. AGUIRRE, INDIVIDUALLY<br><br>AND<br><br>FELIPE HERNANDEZ, INDIVIDUALLY (PLAINTIFFS HEREIN)<br><br>VS.<br><br>FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC. TITAN TIRE CORPORATION; AND TITAN TIRE CORPORATION OF TEXAS (Defendants) | § § § § § § § § § § § § § § § § § § § § § §  CIVIL ACTION B-02-216 |

<u>PLAINTIFFS JORGE ALBERTO FLORES, IMELDA HERNANDEZ CORDOVA (FLORES), JAIME E. AGUIRRE AND FELIPE HERNANDEZ'S RESPONSE TO TITAN DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION TO DISMISS FOR IMPROPER VENUE AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Jorge Alberto Flores, Imelda Hernandez Cordova (Flores), Jaime E. Aguirre and Felipe Hernandez (hereinafter referred to as "Plaintiffs"), Plaintiffs in

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Response to Titan Defendants' Motion
To Dismiss for Failure to State a Claim, Motion to Dismiss
For Improper Venue and Motion to Dismiss for Lack of Personal Jurisdiction
Page 1 of 10

the above-styled and numbered cause and files this their Response to Titan Defendants' Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for Improper Venue and Motion to Dismiss for Lack of Personal Jurisdiction and in support of this Motion, Plaintiff would show the Court the following:

## I.
## INTRODUCTION

1. Plaintiffs Jorge Alberto Flores, Imelda Hernandez Cordova (Flores), Jaime E. Aguirre and Felipe Hernandez, filed suit against Defendant Bridgestone/Firestone, Inc., Ford Motor Co., and Border Transfer Services, Inc. in Cause Number 2002-10-4004-C in the 197th Judicial District, Cameron County, Texas on November 15, 2002. Ford Motor Company, Titan International, Inc., Titan Tire Corporation and Titan Tire Corporation of Texas, Defendants filed a motion to dismiss for failure to state a claim, motion to dismiss for improper venue and motion to dismiss for lack of personal jurisdiction.

2. The facts pertinent to this Motion are as follows: The subject case arises out of a motor vehicle which occurred on September 2, 2002 in which Plaintiff, Felipe Hernandez was driving a 1991 Ford Explorer south bound on U.S. Highway 87 in Mason County, Texas when the left rear tire suddenly and unexpectedly suffered a de-tread, and caused a loss of control of the vehicle. Thereafter, the Ford Explorer crossed into the lanes of the opposing traffic, and then went back to the right (across the south bound lanes), and rolled over. The loss of the control caused by the tire failure (de-tread), and exacerbated by the vehicle's oversteer, and the roll over of the Explorer, were some of the causes of the incident made the basis of this suit. Plaintiffs would

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Response to Titan Defendants' Motion
To Dismiss for Failure to State a Claim
Page 2 of 10

show that a safe vehicle and/or tire would have completely avoided the incident made the basis of this suit (and the many injuries and two (2) deaths made the basis of this suit.

3.  Plaintiffs hereby make their responses to Defendants' various motions, and respectfully request that each and every one is denied, and that Plaintiffs be allowed to pursue their causes of action accordingly.

## II.
## RESPONSE TO TITAN DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

4.  When a federal court reviews the sufficiency of a complaint, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. In passing on a motion to dismiss, whether on the grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader. *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1947).

5.  In the instant case, construing Plaintiffs allegations in their favor, Plaintiffs have plead factual allegations within their complaint that state a claim for which Plaintiff will be allowed to offer evidence to support them. As such, Defendants Motion to Dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6) must be denied.

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Response to Titan Defendants' Motion
To Dismiss for Failure to State a Claim
Page 3 of 10

6.      When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. *In re Stac Elecs. Sec. Litig.*, 89F.3d 1399, 1403 (9th Cir. 19696); *Jones v. G.E. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in Plaintiff's complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule Defendant's motion.

7.      TITAN TEXAS is liable under the theory of single business enterprise/joint enterprise. TEXAS TITAN, as properly pled by Plaintiffs and admitted by Defendants, is a Texas Corporation with its principal place of business in Cameron County, Texas. Plaintiffs have alleged strict liability and joint enterprise against all the TITAN defendants, including TITAN TEXAS. The Defendants allege that TITAN TEXAS is not a proper party and was fraudulently joined. Plaintiffs would show otherwise. The facts of this case are undisputed. There is no dispute that TITAN TEXAS is a Texas corporation or that the accident occurred in Texas.

8.      Plaintiffs have asserted strict liability and negligence causes of action against all defendants. Under strict liability, Plaintiffs assert and properly pled design defect, manufacturing defect and marketing defect. Under negligence, Plaintiffs assert and properly pled negligence in the design, manufacturing, assembling, testing and marketing of the tire in question. As Texas is a notice pleading state, Plaintiffs' causes of action were properly pled in Plaintiffs' Original Petition.

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Response to Titan Defendants' Motion
To Dismiss for Failure to State a Claim
Page 4 of 10

9. Plaintiffs' properly pled in their Original Petition single business enterprise and alternatively, joint enterprise:

> "Plaintiffs would show that Defendant Titan International, Inc., and Defendant Titan Tire Corporation and Defendant Titan Tire Corporation of Texas are a single business enterprise. Additionally, and/or alternatively, such Defendants Titan are a joint enterprise. Additionally, and/or alternatively, such Defendant Titan are one corporation upon consideration that the Defendants Titan act as one corporation (without maintaining separate corporate identities), and thus allow for a piercing of the corporate veil (and/or that any subsidiary is the alter ego of the parent corporation). As such, all of the Defendant Titan are legally liable for the acts and/or omissions, and defective products, of the other Defendants Titan.

*See* Plaintiffs Original Petition. <u>If the TITAN companies are in a joint enterprise, joint venture, and/or single business enterprise, they will be treated as one entity and each will be held responsible for the conduct of the other.</u>

10. Courts have consistently recognized the theory of single business enterprise. *George Grubbs Enters., Inc. v. Bien*, 881 S.W.2d 843 (Tex.App. – Fort Worth 1994), rev'd on other grounds, 900 S.W.2d 337 (Tex. 1995); *Hideca Petroleum Corp. v. Tampimex Oil International Ltd.*, 740 S.W.2d 838, 843 (Tex.App.--Houston [1st Dist.] 1987, no writ). *Paramount Petroleum Corp. v. Taylor Rental Center*, 712 S.W.2d 534 (Tex.App.-- Houston [14th Dist.] 1986, writ ref'd n.r.e.). The Texas Supreme Court has consistently recognized the theory of joint enterprise liability. *See Shoemaker v. Estate of Whistler*, 513 S.W.2d 10, 16-17 (Tex. 1974); *Texas Dept. of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000).

11. Plaintiffs have asserted that all the TITAN defendants are a single business enterprise and alternatively, a joint enterprise. Plaintiffs' properly pled this argument and it is before this court. <u>This argument was not even addressed by defendants in their motions.</u> At the time Plaintiffs' cause of action accrued, the

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Response to Titan Defendants' Motion
To Dismiss for Failure to State a Claim
Page 5 of 10

defendants were a single business enterprise and/or a joint enterprise and had a principle place of business in Texas. As TITAN TEXAS, as well as the other defendants, are directly tied to Texas with a principle place of business in Texas, defendants motion fails on its face, and their motions should be denied.

12. Plaintiffs have asserted causes of action against each <u>and</u> all the Titan Defendants' via single business enterprise/joint enterprise and thus, Defendants' Motion fails and should be denied. In the event this court agrees, Plaintiffs request this Court grant it leave to amend its response to comply with the court's ruling.

### III.
### PLAINTIFFS RESPONSE TO TITAN DEFENDANTS MOTION TO DISMISS TO IMPROPER VENUE

13. Plaintiffs have shown to this Court that Titan Texas was properly joined under single business enterprise and joint enterprise. Defendants have admitted the TITAN TEXAS maintains its principal place of business in Cameron County, Texas, the same venue Plaintiffs chose to bring this action. Venue is proper pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3). Defendants' Motion to Dismiss for Improper Venue should be denied.

### IV.
### PLAINTIFFS RESPONSE TO TITAN DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURSIDICTION

14. The court should deny Defendants' motion to dismiss because defendant purposefully availed itself of the benefits and protections of the laws of the forum state. *See Electrosource, Inc. v. Horizon Battery Tech., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999);

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Response to Titan Defendants' Motion
To Dismiss for Failure to State a Claim
Page 6 of 10

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). This suit involves products liability. As part of the incident that gave rise to this suit, Defendant TITAN INTERNATIONAL, through single business enterprise/joint enterprise had direct contacts to Cameron County that are directly related to and gave rise to the incident resulting in the lawsuit. Therefore, the court has specific jurisdiction over Defendant TITAN INTERNATIONAL.

15. The court should deny Defendants' motion to dismiss because, even if the court finds it does not have specific jurisdiction over defendant, defendant TITAN INTERNATIONAL engaged in continuous and systematic activity, via single business enterprise/joint enterprise in the forum state. Thus, the court has general jurisdiction over Defendant TITAN INTERNATIONAL.

16. The court's assumption of jurisdiction over Defendant TITAN INTERNATIONAL will not offend traditional notions of fair play and substantial justice and will be consistent with the constitutional requirements of due process because the defendants have derived financial benefits from doing business in the forum state and has enjoyed the protection of the forum's laws. *Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201, 207 (5th Cir. 1996); *Metropolitan Life*, 84 F.3d at 567.

17. Because this court has personal jurisdiction over Defendant TITAN INTERNATIONAL, their motion should be denied.

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Response to Titan Defendants' Motion
To Dismiss for Failure to State a Claim
Page 7 of 10

## V.
## Conclusion

18.     Using the legal principles stated herein and applying the facts of this case thereto leads to the inescapeable conclusion that Plaintiffs have at least a possibility, if not a probability of recovery against the TITAN Defendants. Plaintiffs' state court pleading states, in good faith, valid causes of action against TITAN TEXAS and the other TITAN defendants for strict liability and single business enterprise/joint enterprise. That being the case, the joinder of TITAN TEXAS is not fraudulent in fact or law.

19.     Defendants failed to argue against single business enterprise/joint enterprise. Plaintiffs, per the pleadings, have established that recovery against the Defendants for strict liability and negligence via single business enterprise/joint enterprise. Defendants' motions are improper, their motions should be denied and Plaintiffs' should be allowed to pursue their causes of action accordingly.

**WHEREFORE**, Plaintiffs in this case respectfully pray that Defendants' motions be denied. Plaintiffs further prays for such further and other relief to which they may show himself justly entitled.

Respectfully submitted,

By: _/s/ Mikal C. Watts_

Mikal C. Watts
Attorney-in-Charge
State Bar Number 20981820
Federal I.D. Number 12419
Gregory L. Gowan
State Bar Number 00795384
Federal I.D. Number 19991

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Response to Titan Defendants' Motion
To Dismiss for Failure to State a Claim
Page 8 of 10

WATTS & HEARD, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
Telephone: (361) 887-0500
Facsimile: (361) 887-0055

Douglas A. Allison
State Bar Number 01083500
LAW OFFICES OF DOUGLAS ALLISON
500 N. Water Street
South Tower, Suite 400
Corpus Christi, Texas 78741
Telephone: (361) 888-6002
Facsimile: (361) 888-6651

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that movant has conferred with Respondent and Counsel cannot agree about the disposition of the Motion.

_____
Mikal C. Watts

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Response to Titan Defendants' Motion
To Dismiss for Failure to State a Claim
Page 9 of 10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded by the method of service indicated below to the parties listed below on this the 16th day of December, 2002.

Mr. Michael Rodriguez  *Via C.M./R.R.R. #7002 0460 0000 6541 0436*
1000 E. Madison Street  *Via Facsimile (956) 574-9337*
Brownsville, Texas  78520

Richard A. Grafton  *Via C.M./R.R.R. #7002 0460 0000 6541 0429*
Brown McCarroll  *Via Facsimile (512) 479-1101*
111 Congress Ave.
Suite 1400
Austin, Texas 78701

_____
Mikal C. Watts

*Flores, et al. v. Ford Motor Company, et al.*
Plaintiffs' Response to Titan Defendants' Motion
To Dismiss for Failure to State a Claim
Page 10 of 10