United States District Court
Southern District of Texas
FILED

JAN 0 2 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO FLORES and IMELDA HERNANDEZ CORDOVA (FLORES), Individually, and JAMES E. AGUIRRE, Individually, and FELIPE HERNANDEZ, Individually, | § § § § § § § | CIVIL ACTION NO. B-02-216 (JURY TRIAL) |
| Plaintiffs, | § § | |
| VS. | § § | |
| FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC.; TITAN TIRE CORPORATION; and TITAN TIRE CORPORATION OF TEXAS, | § § § § § § | |
| Defendants. | § | |

## TITAN DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT:

NOW COME, Defendants Titan International, Inc. (Titan Int'l), Titan Tire Corporation ("Titan Tire"), Titan Tire Corporation of Texas ("Titan Texas") and hereby file this their Response to Plaintiffs' Motion to Remand and would show unto the Court the following:

### Preliminary Matters

1.  On October 7, 2002, an action was commenced against Ford, Titan Int'l, Titan Tire, and Titan Texas in the 197th Judicial District Court, Cameron County, Texas, entitled *JORGE ALBERTO FLORES and IMELDA HERNANDEZ CORDOVA (FLORES), Individually, and JAMES E. AGUIRRE, Individually, and FELIPE HERNANDEZ, Individually, vs. FORD MOTOR*

*COMPANY; TITAN INTERNATIONAL, INC.; TITAN TIRE CORPORATION; and TITAN TIRE CORPORATION OF TEXAS*, Cause No. 2002-10-4004-C.

2. On October 17, 2002, a copy of Plaintiffs' Original Petition was received by Titan Texas and received by all other named Defendants on October 18, 2002.

3. The Notice of Removal was filed on November 15, 2002, which was within thirty (30) days after the first receipt by Removing Defendants of a copy of the initial pleadings setting forth a claim for relief upon which this action is based.

### Nature of the Case

4. This case arose out of a single vehicle accident that allegedly occurred in Mason County, Texas, on September 2, 2002. According to Plaintiffs' Original Petition, a Trail Handler Radial LT235/75R15 tire, DOT No. CFHK522205 (the "Tire"), on the left rear of Plaintiffs' 1991 Ford Explorer, VIN 1FMDU34X0MUA94891 (the "Explorer"), allegedly suffered a detread and caused a loss of control of the Explorer. (Plfs.' Original Petition, ¶¶ V and VII). Of importance to the question of Removal, is the fact that the Tire was manufactured no later than 1995 and Titan Texas was not incorporated for any purpose until 1997.

5. Plaintiffs allege that the accident and their claimed injuries were caused by various defects in the Tire and in the Explorer that render the Tire and the Explorer unreasonably dangerous. Plaintiffs assert strict liability and negligence claims against all Defendants arising from the alleged defects. *Id.* at ¶¶ VII (second) and VIII.

### Grounds for Removal

6. The present action is one over which this court has original jurisdiction under the provisions of Title 28, United States Code, Sections 1332 and 1441(a), in that it is a civil action

between completely diverse parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. According to Plaintiffs' Original Petition, Plaintiffs are citizens of the Republic of Mexico and residents of the State of Texas. *Id.* at ¶ III. Titan Int'l and Titan Tire are each Illinois corporations with principal places of business in Quincy, Illinois and Des Moines, Iowa, respectively. Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan, and was so on both the date of the subject crash and the date of filing of this action. Thus, complete diversity exists between plaintiffs and the properly joined Removing Defendants. *See* 28 U.S.C. § 1332(a)(1) or (2).

8. The only other defendant named in this action, Titan Texas, is a Texas corporation with its principal place of business in Cameron County, Texas. Nevertheless, Plaintiffs' inclusion of Titan Texas in this case cannot prevent removal under 28 U.S.C. § 1441(b), because Titan Texas was fraudulently joined.

### Response to Plaintiffs' Claims of Single Business Enterprise/Joint Enterprise

9. Plaintiffs base their theory for Remand on their pleadings which plead Single Business Enterprise/Joint Enterprise. The rationale for Remand, according to Plaintiffs, is that all the Titan entities, notwithstanding the fact that the non-diverse Titan entity (Titan Texas) was not in existence, act as either a single business enterprise or joint enterprise. In their attempt to convince the Court that the Titan entities should be treated as one, Plaintiffs cite numerous Texas cases which indicate that the theory of single business enterprise/joint enterprise is a well recognized legal principle. However, the Plaintiffs draw no distinction between the case law which speaks of

corporate entities engaged in a common business purpose during the operative time of the complained of action and the facts of the present case which are inapposite.

10.     Courts in Texas have accepted the theory of single business enterprise/joint enterprise when applicable. However, Plaintiffs' reliance on the cases cited in their brief is misplaced. As the case law indicates, there is a test which must be met prior to the imposition of either of these theories. The facts of the cases cited by the Plaintiffs all indicate that companies operating in such a way as to allow for the imposition of this theory are involved in the complained of action. In other words, all of the entities to which these cases apply were actually in existence at the time the complained of action took place and either played an active role in the complained of action or because of the imposition of the theory of single business enterprise/joint enterprise should be considered liable for the debts of the other. The cases do not stand for the proposition that a non-existent company can be held liable for the actions of another company which took place prior to the inception of the non-existent company.

11.     The Restatement Second of Torts sets forth the test required to show joint enterprise. "The elements which are essential to a joint enterprise are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." Texas Department of Transportation v. Able, 35 S.W. 3d, 608 (Tex. 2000) citing Restatement (Second) of Torts § 491 cmt. c (1965).

12.     Applying the four part test of joint enterprise to the facts of the present case clearly demonstrates that joint enterprise is not applicable. When applied to Titan Texas, no part of the

aforementioned test is met. First, there could be no agreement between Titan Texas and any other Titan entity because Titan Texas was not in existence at the time of the manufacture of the tire or commission of the alleged negligent conduct. Second, for the above stated reason, there could be no common purpose carried out by the group. Third, there existed no community of pecuniary interest with Titan Texas. Finally, Titan Texas had no voice in the direction of the enterprise giving it an equal right of control.

13. A "single business enterprise" exists "when corporations are not operated as separate entities but rather integrate their resources to achieve a common business purpose, each constituent corporation may be held liable for debts incurred in pursuit of that business purpose." Paramount Petroleum v. Taylor Rental Center, 712 S.W.2d 534 (Tex. App.-Houston [14th Dist.] 1986). It is axiomatic that if one of the entities to which this legal theory is being applied did not exist at the time of the alleged business purpose there could be no "common business purpose." Simply put, the existing company cannot be "joined" in business or any other purpose with a non-existent company.

14. What distinguishes the case before this Court from the cases cited by Plaintiffs is the simple fact that the non-diverse defendant was not in existence at the time of the design or manufacture of the tire in question. As stated earlier, this case is a strict liability and negligence action against the Titan entities and Ford. The Plaintiffs cannot recover under a strict liability theory against Titan Texas because it played no role in the design, manufacture or marketing of the tire in question. Similarly, the claims of negligence arising out the design, manufacture and marketing of said tire are equally improper against Titan Texas.

15. "Joint Enterprise" and "Single Business Enterprise" do not apply to this case. Because Titan Texas cannot be held liable under any theory of recovery, its inclusion in this suit is improper and Titan Texas should not be considered for purposes of defeating Diversity Jurisdiction.

### REMOVAL IS NOT PROCEDURALLY DEFECTIVE

16. Plaintiffs argue that the Defendants' Removal is procedurally defective because "Defendants did not obtain the consent of all served Defendants before removing the case." (Plaintiffs Motion to Remand paragraph 14). This argument is without merit. The Notice of Removal was filed on behalf of all named Defendants in the case. Specifically enumerated in the opening paragraph is the indication that all Defendants call themselves "Removing Defendants" clearly indicating that all had consented to the Removal of this cause of action.

### CONCLUSION

17. Titan Texas was included as a defendant in this matter solely to defeat diversity jurisdiction. Because the Tire was manufactured no later than 1995 and Titan Texas was not an existing company until 1997, it is indisputable that Titan Texas played no part in the design, manufacture or marketing of the tire in question. Therefore, Titan Texas cannot be held liable under a theory of strict liability or negligence. For the same reason, Titan Texas could not be engaged in any type of joint enterprise or considered a single business entity with any of the other Titan entities. Accordingly, Titan Texas should not be considered a party for the purposes of defeating diversity jurisdiction.

**WHERFORE PREMISES CONSIDERED,** the Titan Defendants pray that the Plaintiffs' Motion to Remand be in all things denied, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR DEFENDANTS TITAN INTERNATIONAL, INC.; TITAN TIRE CORPORATION; and TITAN TIRE CORPORATION OF TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this _2nd_ day of January, 2003.

**Via Certified Mail,**
**Return Receipt Requested**

Mikal C. Watts
THE WATTS LAW FIRM, L.L.P.
555 N. Carancahua
Corpus Christi, Texas 78478

Douglas A. Allison
LAW OFFICES OF DOUGLAS A. ALLISON
South Tower, Suite 400
500 North Water Street
Corpus Christi, Texas 78471

**Via Regular Mail**
Richard H. Grafton
State Bar No. 08252800
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701

_/s/ Michael Rodriguez_
Michael Rodriguez