United States District Court
Southern District of Texas
FILED

JAN 0 2 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO FLORES and IMELDA HERNANDEZ CORDOVA (FLORES), Individually, and JAMES E. AGUIRRE, Individually, and FELIPE HERNANDEZ, Individually, | § § § § § § § | CIVIL ACTION NO. B-02-216 (JURY TRIAL) |
| Plaintiffs, | § § | |
| VS. | § § | |
| FORD MOTOR COMPANY; TITAN INTERNATIONAL, INC.; TITAN TIRE CORPORATION; and TITAN TIRE CORPORATION OF TEXAS, | § § § § § | |
| Defendants. | § § | |

### TITAN DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO TITAN DEFENDANTS' VARIOUS MOTIONS TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT:

NOW COME, Defendants Titan International, Inc. (Titan Int'l), Titan Tire Corporation ("Titan Tire"), Titan Tire Corporation of Texas ("Titan Texas") and hereby file this their Reply to Plaintiffs' Responses to Titan Defendants' Various Motions to Dismiss and would show unto the Court the following:

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1.   Plaintiffs base their theory for denial of Titan Texas' Fed. R. 12(b) 6 Motion to Dismiss on the fact that they have pleaded Single Business Enterprise/Joint Enterprise. The rationale for denial of Titan Texas' motion, according to Plaintiffs, is that all the Titan entities, notwithstanding the fact that the non-diverse Titan entity (Titan Texas) was not in existence, act as

either a single business enterprise or joint enterprise. In their attempt to convince the Court that the Titan entities should be treated as one, Plaintiffs cite numerous Texas cases which indicate that the theory of single business enterprise/joint enterprise is a well recognized legal principle. However, the Plaintiffs draw no distinction between the case law which speaks of corporate entities engaged in a common business purpose during the operative time of the complained of action and the facts of the present case which are inapposite.

2.   Courts in Texas have accepted the theory of single business enterprise/joint enterprise when applicable. However, Plaintiffs' reliance on the cases cited in their brief is misplaced. As the case law indicates, there is a test which must be met prior to the imposition of either of these theories. The facts of the cases cited by the Plaintiffs all indicate that the companies operating in such a way as to allow for the imposition of this theory are involved in the complained of action. In other words, all of the entities to which these cases apply were actually in existence at the time the complained of action took place and either played an active role in the complained of action or because of the imposition of the theory of single business enterprise/joint enterprise should be considered liable for the debts of the other. The cases do not stand for the proposition that a non-existent company can be held liable for the actions of another company which took place prior to the inception of the non-existent company.

3.   The Restatement Second of Torts sets forth the test required to show joint enterprise. "The elements which are essential to a joint enterprise are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control."

Texas Department of Transportation v. Able, 35 S.W. 3d, 608 (Tex. 2000) citing Restatement (Second) of Torts § 491 cmt. c (1965).

4.  Applying the four part test of joint enterprise to the facts of the present case clearly demonstrates that joint enterprise is not applicable. When applied to Titan Texas, no part of the aforementioned test is met. First, there could be no agreement between Titan Texas and any other Titan entity because Titan Texas was not in existence at the time of the design or manufacture of the tire or commission of the alleged negligent conduct. Second, for the above stated reason, there could be no common purpose carried out by the group. Third, there existed no community of pecuniary interest with Titan Texas. Finally, Titan Texas had no voice in the direction of the enterprise giving it an equal right of control.

5.  A "single business enterprise" exists "when corporations are not operated as separate entities but rather integrate their resources to achieve a common business purpose, each constituent corporation may be held liable for debts incurred in pursuit of that business purpose." Paramount Petroleum v. Taylor Rental Center, 712 S.W.2d 534 (Tex. App.-Houston [14th Dist.] 1986). It is axiomatic that if one of the entities to which this legal theory is being applied did not exist at the time of the alleged business purpose there could be no "common business purpose." Simply put, the existing company cannot be "joined" in business or any other purpose with a non-existent company.

6.  What distinguishes the case before this Court from the cases cited by Plaintiffs is the simple fact that the non-diverse defendant was not in existence at the time of the design or manufacture of the tire in question. As stated earlier, this case is a strict liability and negligence action against the Titan entities and Ford. The Plaintiffs cannot recover under a strict liability theory against Titan Texas because it played no role in the design, manufacture or marketing of the tire in

question. Similarly, the claims of negligence arising out the design, manufacture and marketing of said tire are equally improper against Titan Texas.

7.   The Plaintiffs' averments in their Response urge that Titan Texas is a proper defendant because of the theory of "Joint Enterprise" or "Single Business Entity." However, "Joint Enterprise" and "Single Business Enterprise" do not apply to this case. Even when looking at the allegations in the complaint in the light most favorable to the pleader, there exists no possibility of recovery against Titan Texas. As such, Titan Texas has met its burden and the case against Titan Texas should be dismissed.

8.   Similarly, Titan Int'l, played no role in the manufacturing of the tire in question. Because the Plaintiffs have failed to show how any of the Titan entities act as a "single business entity" or "joint enterprise", the case against Titan Int'l. should also be dismissed. Titan Int'l., incorporates for all purposes the argument and authorities set forth in the preceding paragraphs which are applicable to it. Titan Int'l., hereby requests that this Court also grant its Motion to Dismiss.

## TITAN DEFENDANTS' MOTION TO DIMISS FOR IMPROPER VENUE

9.   Titan Texas has shown that it should be dismissed from the lawsuit because the Plaintiffs have failed to state a claim against Titan Texas upon which relief can be granted. As such, there exists no reason to maintain this cause of action in the Southern District of Texas. The accident in this case occurred in Mason County, Texas, which lies in the Western District of Texas. Ford Motor Company maintains its principle office in Texas in Dallas County. Because there exists no link to the Southern District of Texas, should the Court grant the dismissal of Titan Texas from the case, the Titan Defendants pray that this cause of action be dismissed. If the case is not

dismissed, the Titan Defendants request that this matter be transferred to the Northern District of Texas or alternatively to the Western District of Texas.

## CONCLUSION

10.     Because the tire in question was manufactured no later than 1995 and Titan Texas was not an existing company until 1997, it is indisputable that Titan Texas played no part in the design, manufacture or marketing of the tire in question. Therefore, Titan Texas cannot be held liable under a theory of strict liability or negligence. For the same reason, Titan Texas could not be engaged in any type of joint enterprise or considered a single business entity with any of the other Titan entities. Accordingly, Titan Texas should be dismissed from this cause of action because the Plaintiffs have failed to state a claim against Titan Texas upon which relief can be granted. Similarly, Titan Int'l., requests that its Motion to Dismiss be granted. In addition, should the Court grant Titan Texas' Motion to Dismiss, there exists no reason for this Honorable Court to preside over an action more properly heard in Dallas County or Mason County, Texas.

**WHERFORE PREMISES CONSIDERED,** Defendants Titan International, Inc., Titan Tire Corporation and Titan Tire Corporation of Texas pray that their Motions to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, Motion to Dismiss for Improper Venue and Motion to Dismiss for Lack of Personal Jurisdiction be granted and for such other and further relief, legal or equitable, general or special, to which they may show themselves justly entitled to receive.

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR DEFENDANTS TITAN
INTERNATIONAL, INC.; TITAN TIRE
CORPORATION; and TITAN TIRE CORPORATION
OF TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this 2nd day of January, 2003.

**Via Certified Mail,**
**Return Receipt Requested**

Mikal C. Watts
THE WATTS LAW FIRM, L.L.P.
555 N. Carancahua
Corpus Christi, Texas 78478

Douglas A. Allison
LAW OFFICES OF DOUGLAS A. ALLISON
South Tower, Suite 400
500 North Water Street
Corpus Christi, Texas 78471

**Via Regular Mail**
Richard H. Grafton
State Bar No. 08252800
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701

Michael Rodriguez