16

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

APR 1 1 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JORGE ALBERTO FLORES, ET AL. | §<br>§ |
| **Plaintiffs,** | §<br>§ |
| | § **CIVIL ACTION NO. B-02-216** |
| v. | §<br>§ |
| **FORD MOTOR COMPANY, ET AL.** | §<br>§ |
| | §<br>§ |
| **Defendants.** | § |

## ORDER

BE IT REMEMBERED that on April 11, 2003, the Court considered Plaintiffs'
Motion to Remand [Dkt. No. 10], Defendants' cumulative Motions to Dismiss [Dkt. No.
3], and the responses and replies thereto [Dkt. Nos. 11, 12, & 13]. The Court **GRANTS**
Plaintiffs' Motion to Remand. Any determinations concerning issues that may remain in
Defendants' Motions to Dismiss are reserved for the state court on remand.

## I. Procedural and Factual Background

According to Plaintiffs' Original Petition, this case arises out of a motor vehicle
accident that occurred on September 2, 2002. Plaintiff Felipe Hernandez was driving a
1991 Ford Explorer on U.S. Highway 87 in Mason County, Texas. The left rear tire
allegedly experienced a "detread," which Plaintiffs assert caused the driver to lose
control of the vehicle. The vehicle crossed several lanes of traffic and rolled over
resulting in the two deaths and injuries that form the basis of this lawsuit. Plaintiffs
bring causes of action for product liability arising from the allegedly defective design,
manufacture, assembly, testing, and marketing of the subject tire. Additionally,
Plaintiffs plead facts raising claims of negligence, gross negligence and malice, and
aggravated assault.

This case was originally filed in the 197th Judicial District of Cameron County,

1

Texas in October, 2002.  Defendants timely removed the case on November 15, 2002.
Defendants removed the case on the basis of diversity jurisdiction, claiming one of the
defendants, Titan Tire Corporation of Texas ("Titan Texas"), had been fraudulently
joined.  See 28 U.S.C. §§ 1332; 1441(a).  On November 20, 2003, Defendants filed
their Motions to Dismiss.

With no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331,
jurisdiction in this case must be based on complete diversity of citizenship between
properly joined Plaintiffs and Defendants.  See 28 U.S.C. § 1332.  Subject matter
jurisdiction in this removed action requires that no properly joined Defendant may be a
resident of the state of Texas.  Id. § 1441(b).  The parties are in agreement that
Defendant Titan Texas is a Texas corporation with its principal place of business in
Cameron County, Texas.  See Pl's Motion for Remand, at p. 6.  It is undisputed the
remaining defendants are citizens of states other than Texas.

Defendants argue in their Notice of Removal and in their Motion to Dismiss
that Titan Texas was fraudulently joined to destroy diversity jurisdiction.  See Defs'
Motion to Dismiss, at p. 3.  Defendants assert fraudulent joinder is demonstrated by the
fact that Titan Tire was not in existence at the time the subject tire was manufactured.
See id.  Thus, Defendants argue, Titan Texas played no role in the design,
manufacture, or distribution of the tire.  See id.  Plaintiffs counter Defendants' argument
with the straight forward claim that Titan Texas was joined under a theory that Titan
Texas forms a single business enterprise with the other named Titan Defendants, or in
the alternative, Titan Texas forms a joint enterprise with the Titan Defendants.  See Pls'
Response to Defs' Motion to Dismiss, at p. 5 [Dkt. No. 11]; Pls' Original Petition, at p. 6,
¶ VI [Dkt. No. 1].  Plaintiffs, therefore, assert their causes of action against all the Titan
Defendants.

## II.  Removal and Fraudulent Joinder

Generally civil actions that may be brought in state court may be removed to a
federal district court when that court would have original jurisdiction over the controversy.
See 28 U.S.C. § 1441.  The Fifth Circuit has stated, "when faced with a motion to

2

remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy." Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5ᵗʰ Cir. 1998), cert. denied, 526 U.S. 1034 (1999). In cases involving claims of fraudulent joinder, the Court should dismiss a fraudulently joined party from the suit if the removing party can either establish the presence of outright fraud in the plaintiff's pleadings of jurisdictional facts or demonstrate the plaintiff has no possibility of prevailing on its claims against the non-diverse defendant. See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5ᵗʰ Cir. 1996); Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216-17 (5ᵗʰ Cir. 1995); Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5ᵗʰ Cir. 1990).[1] The burden of persuasion to prove fraudulent joinder again rests with the party who makes such an allegation. See Delgado v. Shell Oil Co., 231 F.3d 165, 179 (5ᵗʰ Cir. 2000).

When disposing of fraudulent joinder claims, district courts may employ a similar procedure to that used to evaluate summary judgment evidence. The courts, therefore, may resolve disputes by piercing the pleadings and reviewing evidence such as affidavits and deposition testimony. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 259, 263 (5ᵗʰ Cir. 1995). All contested factual allegations and ambiguities in the status of controlling state substantive law must be resolved in favor of the nonmoving party. See Sid Richardson, 99 F.3d at 751; Burden, 60 F.3d at 217. Only then may the court determine whether the nonmoving party has any possibility of recovery against a non-diverse defendant whose joinder is questioned. See Carriere,

---

[1]As other district courts have recognized, the Fifth Circuit has recently articulated a minimally different standard for evaluating fraudulent joinder claims. These recent decisions have indicated a removing party may only need to show there is no reasonable possibility or probability of recovering against the joined party. See, e.g., Delgado v. Shell Oil Co., 231 F.3d 165, 179 (5ᵗʰ Cir. 2000) ("party crying foul must show that there is no reasonable probability of recovery against the joined party"); Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 (5ᵗʰ Cir. 2000) (upholding removal based on diversity when there was no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant). More recently than these decisions, the Fifth Circuit has restated the "no possibility of recovery" standard. See Heritage Bank v. Redcom Laboratories, 250 F.3d 319, 323 (5ᵗʰ Cir. 2001). The Court applies the "no possibility of recovery" standard.

3

893 F.2d at 100; Burden, 60 F.3d at 217. In making the above determinations, courts may not "pretry[ ] a case to determine removal jurisdiction." Cavallini, 44 F.3d at 263.

### III. Single Business Enterprise/Joint Enterprise Theories and Possibility of Recovery

Defendant Titan Texas has failed to carry its heavy burden of proving fraudulent joinder. See Cavallini, 44 F.3d at 259. Titan Texas's sole argument concerning fraudulent joinder is that Plaintiffs have no possibility of recovery on any of their claims because Plaintiffs' theory of single business enterprise or joint enterprise must fail in light of the fact that Titan Texas was not in existence on the date the tire was designed, manufactured, and marketed. Titan Texas, does not, present evidence or argue that Titan Texas currently maintains a separate business entity from the other Titan Defendants. Rather, it argues that at the time the subject tire was manufactured, it did not yet exist and therefore as a matter of law cannot be held liable under any of Plaintiffs' claims.

The single business enterprise doctrine is well recognized under Texas law. When corporations are not operated as separate entities and instead integrate their resources for the purpose of achieving common business goals, each constituent corporation may be held liable for the debts incurred or actions taken in pursuit of that business purpose. See Gardemal v. Westin Hotel Co., 186 F.3d 588, 594 (5th Cir. 1999) (citing Old Republic Ins. Co. v. Ex-Im Serv. Corp., 920 S.W.2d 393, 395-96 (Tex. App. – Houston [1[st] Dist.] 1996, no writ). Similarly, joint enterprise liability will result when the following elements are present: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives and equal right of control." St. Joseph Hospital v. Wolff, 94 S.W.3d 513, 526 (Tex. 2002) (citing The Restatement 2d of Torts § 491 (1965)). The essence of joint enterprise is that there exist a "community of pecuniary interest in the common purpose to be carried out by the members of the group." Id. Whether these elements exist is frequently a question for

4

the jury with proper instruction from the court. See id.

Titan Tire has cited no cases, and the Court is aware of none, in which Texas courts have limited the application of the single business or joint enterprise doctrines to debts, actions, or liabilities that arose *after* the corporation came into existence. Indeed, the purpose of these doctrines is to hold certain corporations vicariously liable when they do not form separate business identities. Indeed, in one unpublished case, the Court of Appeals of Texas noted that no authority exists that limits the single business enterprise doctrine to only those corporations that were both formed and operating at the time the action arose. See Excel InterFinancial Corp. v. I-45 North, Inc., 1995 WL 557538 *3 (Tex.-App. –Houston [14th Dist.], writ denied) (unpublished decision). Of course, the Court recognizes that Defendant Titan Texas argues it was not merely newly formed, but rather not in existence at the time the subject tire was designed, manufactured, and distributed. Nonetheless, Defendant has not presented any authority to support the contention that it cannot be liable for Plaintiffs' claims under a single business enterprise or joint enterprise theory. The Court must construe any factual or legal ambiguities in favor of the nonmoving party. Defendant Titan Texas, therefore, has not sustained its burden of proving Plaintiffs have no possibility of recovery against it for claims of product liability or negligence. See Burden, 60 F.3d at 216.

### IV. Conclusion

For the above reasons, the Court holds Defendant Titan Texas was not fraudulently joined as a party to the action. Because Titan Texas was a properly joined defendant, diversity jurisdiction is destroyed in this case and the Court lacks subject matter jurisdiction over Plaintiffs' state claims. See 28 U.S.C. § 1332(a). The Court **GRANTS** Plaintiffs' Motion to Remand [Dkt. No. 10] and **REMANDS** this case to the 197th Judicial District of Cameron County, Texas. Further, Defendants' Motions to Dismiss are reserved for the state court on remand [Dkt. No. 3].

Finally, Plaintiffs request this Court to require Defendants to pay costs, expenses, and attorneys' fees that were incurred as a result of an improper removal. Although the Court may in its discretion award just costs and reasonable attorneys' fees incurred as

the result of an improper removal under 28 U.S.C. § 1447(c), the Court declines to do so in this case.  See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).  It does not appear that Defendants removed the case in bad faith or that the nonremoveability of this case was obvious, so as to warrant the awarding of fees as a sanction for improper removal.  See News-Texan, Inc. v. City of Garland, 814 F.2d 216, 220 n. 10 (5th Cir. 1987).  Defendants arguably had an objectively reasonable basis for removal.  As a result, the Court **DENIES** Plaintiffs' request for costs.

The Court **CANCELS** the initial pre-trial conference scheduled for Monday, April 14, 2003.

DONE at Brownsville, Texas, this 11th day of April, 2003.

Hilda G. Tagle
United States District Judge